225 So.2d 555 (1969)
Clarence H. MALLEY and Essie S. Malley, His Wife, Appellants,
v.
CLAY COUNTY ZONING COMMISSION, Appellee.
No. J  495.
District Court of Appeal of Florida. First District.
August 5, 1969.
Rehearing Denied September 3, 1969.
*556 Howell & Deas, Jacksonville, for appellants.
Scruby & Yonge, Orange Park, for appellee.
WIGGINTON, Judge.
Defendant landowners have appealed a summary final judgment granting an injunction permanently restraining them from keeping or maintaining livestock on their land contrary to the provisions of a zoning ordinance recently enacted by plaintiff zoning commission. They contend that the ordinance is void because proper notice had not been published of the time and place of the hearing at which it was adopted.
The comprehensive zoning ordinance pursuant to which defendants' land was rezoned requires that at least 15 days notice be given of the time and place of the hearing at which a zoning ordinance will be considered. Although the notice of the hearing published by plaintiff commission lacked one day of complying with the requirements of the governing law, defendants appeared at the hearing and expressed their objection to the proposed ordinance.
In the judgment appealed the trial court found that even though proper notice of the hearing at which the ordinance was adopted had not been given, nevertheless defendants' appearance at the hearing constituted a waiver of the insufficiency of notice and they were estopped to challenge the validity of the ordinance on this ground.
The weight of authority in the United States subscribes to the view that legal requirements calling for notice in a particular manner and form preliminary to the adoption or amendment of a zoning law are generally construed as mandatory and jurisdictional, and measures passed in contravention thereof are invalid.[1]
Florida has adopted the majority view. It has been held in this state that in the promulgation of zoning regulations there must be strict adherence to the requirements of notice and hearing preliminary to the adoption of such regulations.[2] In reviewing a conviction of one charged with the violation of a zoning ordinance which was adopted without complying with the notice requirements of F.S. Section 176.05, F.S.A., our Supreme Court said:
"* * * The specific grant of zoning power is conditioned by the provision for notice and public hearing. Since the City Commission did not comply with the notice and public hearing provisions, the ordinance under which the petitioner was arrested and convicted was invalid. The judgment of affirmance in the Circuit Court should be, and hereby is, quashed."[3]
Having established that compliance with notice and hearing requirements of a *557 zoning law is mandatory and jurisdictional, we move next to the question of whether a person may, by his affirmative action, waive an insufficient notice of hearing given preliminarily to the adoption of a zoning ordinance, and thereby become equitably estopped from asserting such defect as a ground for challenging the validity of the ordinance.
The general rule is stated by the author of Corpus Juris Secundum to be:
"Waiver; Effect of Actual Notice.
Where adequate notice is a jurisdictional, and not merely a procedural, matter, persons who appear at the hearing and fail to object are not estopped to object later. * * *"[4]
Conversely, it would seem to follow that a person who appears at the hearing and fully registers his objection may be estopped to later object on the ground of defective notice of hearing.
Although there is authority to the contrary, the majority of jurisdictions in this country have adopted what we consider to be the sounder view that while compliance with statutory notice of hearing is ordinarily mandatory and jurisdictional to the enactment of a valid zoning ordinance, a contesting landowner may waive the right or be estopped to assert a defect in the notice so as to invalidate the ordinance if he appeared at the hearing and availed himself of the opportunity of fully and adequately presenting his objection.[5]
Defendants in the case sub judice appeared in person at the hearing when the zoning ordinance under attack was considered and adopted. They do not contend that the notice was so lacking in compliance with the requirements of law that they did not have sufficient time or opportunity to fully prepare and present their objections at the hearing which they attended. Neither do they contend that they were prejudiced in any manner because of the zoning commission's failure to strictly comply with the notice requirements of the law. Under the circumstances we are of the view that appellants waived the defective notice of hearing and are now estopped to urge this as a ground for attacking the validity of the ordinance. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting Chief Judge, and SPECTOR, J., concur.
NOTES
[1] 96 A.L.R.2d 461 et seq., § 5.
[2] City of Hollywood v. Petersen, (Fla.App. 1965) 178 So.2d 919; City of Hollywood v. Rix, (Fla. 1951) 52 So.2d 135.
[3] Ellison v. City of Fort Lauderdale, (Fla. 1966) 183 So.2d 193, 195.
[4] 101 C.J.S. Zoning § 302, p. 1084.
[5] 96 A.L.R.2d 476-479, §§ 11, 12.