RESTIGOUCHE, INC., a Florida
Corporation, Plaintiff,

v.

TOWN OF JUPITER, a Florida
Municipal Corporation,
Defendant.

No. 91–8049–CIV–GRAHAM.

United States District Court,
S.D. Florida.

Dec. 15, 1993.

Charles Siemon, Marcella Larsen, of Siemon, Larsen & Marsh, Boca Raton, FL, Paul Erickson, Palm Beach, FL, John Beranek, Tallahassee, FL, for plaintiff.

Edward Ryan, Nancy Stroud, of Burke, Bosselman & Prell, Boca Raton, FL, Thomas Baird, of Watterson, Hyland, Baird & Klett, Palm Beach Gardens, FL, for defendant.

Kathy Castor, David Russ, of Florida Dept. of Community Affairs, Tallahassee, FL, for amicus curiae Florida Dept. of Community Affairs.

## ORDER ON SUMMARY JUDGMENT

VITUNAC, United States Magistrate Judge.

THIS CAUSE is before the Court on Order of Reference from United States District Court Judge Donald L. Graham and on consent of the parties for trial pursuant to 28 U.S.C. § 636(c).

Before the Court is the Town of Jupiter's motion for summary judgment. This Court has reviewed the Town's motion, the response of the Plaintiff, the reply of the Town, and the Town's supplemental memorandum in support of summary judgment. This Court has heard oral argument on the motion for summary judgment. The matter is ripe for review.

## THE COMPLAINT

Plaintiff, Restigouche, Inc., filed a 38–count amended complaint against the Defendant, Town of Jupiter. (DE 58) Pursuant to a voluntary dismissal by the Plaintiff, 18 of those counts remain pending. Those counts are: Counts I, II, IV, VII, VIII, X, XIII, XIV, XVI, XIX, XX, XXI, XXIX, XXX, XXXI, XXXIV, XXXV, and XXXVI. Of those remaining counts, there are federal claims brought pursuant to 42 U.S.C. § 1983 alleging violations of the Fifth and Fourteenth Amendments to the U.S. Constitution. The rest are pendent state law claims.

## ALLEGATIONS

The complaint alleges that Restigouche, Inc. is a developer of real property within the Town of Jupiter. The property is known as Maplewood. The complaint alleges that the Maplewood property is the subject of a development order as a development of regional impact (DRI) under Chapter 380 of the Florida Statutes. The DRI became effective on February 6, 1974, and was amended July 7, 1987 by the Town and Restigouche. According to the complaint, within the Maplewood property is a 19.5 acre parcel known as the "auto campus" parcel.

Restigouche alleges that the auto campus parcel is zoned C–2 pursuant to Zoning Ordinance 10–88, which permits general commercial uses by right or by special exception, including automobile sales. According to Restigouche, it submitted on November 9, 1989 an application for development of the auto campus parcel for automobile sales. According to the complaint, the application complied with all ordinances of the Town when submitted. Restigouche alleges that on January 16, 1990, the Town adopted its comprehensive plan. The comprehensive plan controls all land development within the Town, and Restigouche alleges that zoning ordinances must be consistent with the comprehensive plan. The Town staff recom-

mended approval of the special exception application for the auto campus parcel for automobile sales subject only to listed conditions to the Planning and Zoning Commission for its meeting on January 23, 1990. Restigouche alleges that on January 23, 1990, its application for special exception was tabled over its objection. Restigouche alleges that the stated reason for the tabling was legally and factually incorrect and done for the sole purpose of deferring consideration until after the adoption of the Indiantown Road Overlay Zoning District Ordinance ("IOZ").

Restigouche alleges that between January 31, 1990 and March 6, 1990, public hearings were held on the adoption of the IOZ. At a February 6, 1990 meeting of the Town Council, Ordinance 15–90 was amended to exclude automobile sales as a permissible use by special exception for areas in the IOZ. On March 6, 1990, the IOZ was adopted by the Town. The IOZ contained two separate ordinances, one regulating landscaping, signage setbacks, building heights and other site development criteria and the other, as alleged by Restigouche, was a downzoning ordinance limiting the uses within the IOZ district from uses available in the underlying zoning district.

Restigouche alleges that the affect of the downzoning of the IOZ is to limit the remaining uses—the auto campus parcel has 41 uses by right or special exception under the C–2 underlying zoning, but only 27 remaining uses under the IOZ. The auto campus for auto sales is prohibited as a special exception under the IOZ. The IOZ allows uses of auto repair and public parking garages.

Restigouche alleges that from January 23, 1990 until October 23, 1990, the Town took no action on the auto campus parcel special exception application and held all of its materials. In October, 1990, Restigouche submitted an amendment to the previously filed application for special exception, which Restigouche alleges was consistent with all zoning ordinances and development regulations of the Town, with the exception that it called for a use of the property prohibited by the portion of the IOZ adopted in Ordinance 15–90. The Town notified Restigouche that it would not consider its application for special exception as it was a prohibited use in the IOZ. This action occurred on November 13, 1990. The Town Council denied Restigouche's appeal from that action on February 5, 1991. Restigouche filed for and had an administrative hearing pursuant to Florida Statute 163.3213. A final order on the hearing was rendered August 10, 1992 dismissing Restigouche's petition on the ground that Ordinance 15–90 is not a land development regulation subject to administrative challenge pursuant to Florida Statute 163.-3213. Neither the Town nor Restigouche appealed that decision.

Restigouche alleges the Town's actions violated 42 U.S.C. § 1983 by denying its rights and privileges guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and, therefore, Restigouche is entitled to damages, injunctive relief, and a declaratory judgment.

Restigouche alleges that it has exhausted all of its administrative remedies available and that this matter is ripe for review.

## MOTION FOR SUMMARY JUDGMENT

The Town of Jupiter moves for summary judgment alleging there are no genuine issues of material fact and that application of the law to the facts mandates the entry of summary judgment. Recent pleadings filed by the parties and oral argument have substantially narrowed the issues with respect to summary judgment. The Defendant, Town of Jupiter's original memorandum of law in support of its motion for summary judgment attempted to address a myriad of legal theories presumably advanced by the Plaintiff in its complaint to substantiate its allegation of a federal constitutional deprivation. The complaint itself gives little guidance to the reader to determine what specific substantial constitutional right is alleged to have been violated by the Town of Jupiter through the acts alleged in the complaint. In an attempt to address all possible theories of constitutional wrong advanced by the Plaintiff, the Town of Jupiter addressed in its memorandum of law in support of summary judgment (1) substantive due process claims (arbitrary and capricious due process claims) as applied; (2) equal protection claims; (3) proce-

dural due process claims; and (4) takings claims, both just compensation and due process.

Restigouche's written response to Defendant's motion for summary judgment argues both facial and "as applied" arbitrary and capricious due process violations, and appears to argue procedural due process violations as well. Restigouche's response does not argue equal protection and is deemed abandoned by this Court.

At oral argument on the motion for summary judgment, counsel for Restigouche asked that his pleadings be amended to conform to his argument at the hearing. At the hearing on motion for summary judgment, Restigouche abandoned its facial attack with respect to its argument of arbitrary and capricious due process violations and stated that all of its arguments were "as applied." Restigouche also abandoned at oral argument any procedural due process arguments dealing with federal claims. Thus, it appears that there are two federal constitutional challenges remaining to the Town of Jupiter's actions in passing the IOZ and prohibiting the auto sales campus as a special exception to the C–2 zoning. Those two challenges are: (1) that the Town's action in passing and applying the IOZ to the auto campus parcel is arbitrary and capricious as applied and (2) that the Town's action in prohibiting auto sales on the parcel in question constitutes a taking under the Federal Constitution. All remaining arguments appear to have been abandoned by Restigouche as to its federal claims.

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

The Town of Jupiter filed with the Court a Statement of Material Facts as to Which There is no Genuine Issue:

1. Restigouche owns property within the Town which is commonly known as "Maplewood". The legal description for said property is as follows:

Section 11, Township 41 South, Range 42 East, Palm Beach County, Florida and The West ½ of the Southwest ¼ of Section 2, Township 41 South, Range 42 East, Palm Beach County, Florida.

(Amended Complaint, Paragraph 5.)

2. On February 6, 1974, Restigouche's predecessor in interest obtained a Development Order (Maplewood D.O.) for a portion of the property as a Development of Regional Impact under Chapter 380, Florida Statutes. (Amended Complaint, Paragraph 7.)

3. Restigouche purchased the property in 1981. (Amended Complaint, Paragraph 9.)

4. On July 7, 1987, the Town revised the Maplewood D.O. by adopting Ordinance 31–87. (Amended Complaint, Paragraph 7.) The revised Development Order did not establish a date until which the Town agreed not to subject the property to any land use or zoning changes. (Amended Complaint, Exhibit C.)

5. In July, 1987, the zoning designation for the site which is the subject of the Amended Complaint was "C–2", which permitted the development of auto dealerships upon issuance by the Town of a special exception permit. (Amended Complaint, Exhibit E, p. 108.)

6. In 1990, the Town adopted a comprehensive plan pursuant to Ch. 163, F.S., which recognized the advisability of a study to establish the desired character of the Indiantown Road corridor and to prepare a special set of standards to control development along the Indiantown Road corridor. (Amended Complaint, Exhibit F, at I–5 to I–6.)

7. In October, 1988, the Town decided to conduct a comprehensive planning study of the Indiantown Road Corridor. The Town employed a planning consultant to conduct a study, and held numerous public workshops and meetings to discuss the study and its results. A Restigouche representative appeared and spoke at a number of the public meetings throughout 1989 and 1990. (Affidavit of L. Martin Hodgkins, pp. 6–9, Affidavit of Sally Boylan, pp. 13–15, Appendix to Town's initial memo.)

8. On November 3, 1989, Restigouche submitted an application to the Town for a special exception approval to develop an auto dealership campus on a portion of the property. (Amended Complaint, Paragraph 13.)

9. Prior to consideration of Restigouche's special exception application by the Planning and Zoning Commission, Town staff discovered that a portion of Restigouche's proposed auto campus site might be subject to review required by the Chapter 380, Florida Statutes, and was thus not properly before the Planning and Zoning Commission for review. At its January 23, 1990 meeting, the Planning and Zoning Commission postponed further action with regard to Restigouche's special exception application pending resolution of the review requirements. (Minutes of January 23, 1990, Affidavit of Sally Boylan, p. 46–47, Appendix to Town's initial memo.)

10. As a result of the Indiantown Road Corridor study, the Town prepared proposed Ordinance 15–90 to establish allowable uses within the Indiantown Road Corridor. (Affidavit of L. Martin Hodgkins, pp. 6–9, Appendix to Town's initial memo.)

11. Restigouche, through its attorney, Paul Erickson, wrote to the Town on June 29, 1989 and submitted objections to the proposed IOZ ordinance. (Affidavit of L. Martin Hodgkins, pp. 6–9, Appendix to Town's initial memo.)

12. A public hearing regarding proposed Indiantown Road Overlay Zoning Ordinance 15–90, to be held on March 6, 1990, was noticed by mail to property owners in the Indiantown Road Corridor on January 31, 1990. (Amended Complaint, Paragraph 17, and Amended Complaint, Exhibit H.) The Town Council adopted Ordinance 15–90 on March 6, 1990. (Amended Complaint, Paragraph 20.)

13. Ordinance 21–90 proposed the creation of certain subdistricts within the IOZ, including the Maplewood Drive/Center Street Overlay Zoning District in which Restigouche's property is located. (Amended Complaint, Paragraph 19.)

14. Public hearings regarding Ordinance 21–90 were noticed by mail to property owners on February 16, 1990 (Amended Complaint, Paragraph 19 and Exhibit I.) Ordinance 21–90 was adopted on March 20, 1990. (Amended Complaint, Paragraph 19.)

15. Restigouche, through its attorney, Paul Erickson, appeared at public hearings on March 6 and March 20, 1990 and entered objections into the record regarding the adoption of Ordinances 15–90 and 21–90. (Affidavit of Sally Boylan, Minutes of March 6 and March 20, 1990, pp. 43–45, Appendix to Town's initial memo.)

16. On October 23, 1990, Restigouche submitted a second special exception application for three auto dealerships to be located on a portion of the subject property, which was prohibited pursuant to the IOZ ordinances. (Amended Complaint, Paragraph 25.)

17. The Director of Community Development advised Restigouche on November 13, 1990 that the application for special exception could not be processed as it was for a use prohibited by the IOZ ordinances. (Amended Complaint, Paragraph 26, and Exhibit N.)

18. Restigouche sought an administrative appeal of the Director of Community Development's November 13, 1990 decision. (Amended Complaint, Paragraph 27.) The Town Council conducted a hearing and affirmed the administrative decision on February 5, 1991. (Amended Complaint, Paragraph 29.)

19. Restigouche filed an appeal from the Council's decision to state circuit court by writ of certiorari. (Plaintiff's Motion to Stay, filed April 30, 1991, Paragraph 1.)

20. Restigouche also sought and received a state administrative hearing under § 163.-3213(7), Florida Statutes, regarding the consistency of Ordinances 15–90 and 21–90 with the Town's comprehensive plan. (Pages 1, 9, 10 and 18 of the Official Transcript of Administrative Hearing January 27, 1992, pp. 48–52, Appendix to Town's initial memo.) The state hearing officer decided that the IOZ Ordinances were not land development regulations subject to § 163.3194 and that they were consistent with the Town's comprehensive plan. (Pages 60–62 of the Final Order in *Restigouche, Inc. v. Dept. of Community Affairs and Town of Jupiter,* Case No. 91–3827 GM, January 27, 1992, Appendix, pp. 190–192.)

21. Under the Town IOZ Ordinances, Restigouche is allowed to develop the subject

property for twenty-seven different uses. (Amended Complaint, Paragraph 23.)

The Court adds the following facts which are uncontested, other than on evidentiary grounds:

 The minutes of the Town of Jupiter's City Council and workshop meetings are before the Court in the record. These are considered by this Court over the hearsay and relevance objection of the Plaintiff. Citizen input at zoning hearings may be a proper consideration by the reviewing court against a claim of arbitrary and capricious due process violation. *Corn v. City of Lauderdale Lakes,* 997 F.2d 1369, at 1387.

 The Plaintiff, Restigouche, did not challenge the Town's Material Facts in its responsive brief to the motion for summary judgment and thus, pursuant to Local Rule, these facts are deemed admitted. (Rule 7.5, Local Rules, S.D. of Fla.) It should also be noted that Restigouche argued at the motion for summary judgment that the Indiantown Road Overlay Zoning Ordinance is not a part of the record before the Court. However, Restigouche attached that ordinance as Exhibit J to its amended complaint, making it a part of the record before this Court. Included within that attachment is an "Intent" statement by the Town of Jupiter with respect to the overlay zoning district. It states as follows:

The purpose and intent of this specialized overlay zoning district is to encourage and provide for enhanced property development within the Indiantown Road commercial corridor. Objectives to be attained through the establishment of this district include protection of adjacent residential land uses; enhancement of the commercial status of the corridor; reduction of visual distraction through uniform sign criteria; enhancement of physical appearance through increased landscaping of public and private property; clustering of complimentary uses throughout various locations within the corridor; provision of architectural design guidelines within specific locations along the corridor; encouraging the construction of pedestrian oriented facilities in both public and private structures; installation of special landscape and archi-

tectural features at major intersections; and establishment of development incentives to accomplish these objectives.

Additionally, included within the record as Attachment F to Plaintiff's amended complaint is the Town of Jupiter comprehensive plan, adopted January 16, 1990. At p. I–18, the comprehensive plan sets out land use conflicts as follows:

The majority of land use conflicts occur in those areas where commercial and industrial uses about residential neighborhoods. This has been a problem along Indiantown Road. The proposed siting of a cement batch plant in the Pennock Industrial Park created considerable controversy over the potential adverse impacts, e.g., noise, dust, light, visual image, and aesthetics. Similar concerns have been voiced over the potential negative impacts generated by strip shopping centers and car dealerships, as well.

### RIPENESS

### TAKINGS CLAIMS

... [T]he standard for a final decision in the as applied arbitrary and capricious due process area is not the same as that of the due process takings and just compensation areas. [*Greenbriar, Ltd. v. Alabaster,*] 881 F.2d at 1576 n. 11. In the areas of due process takings and just compensation, there are two parts to the final decision hurdle. First, the zoning decision must be finally made and applied to the property. Second, the local authority must have made all other decisions necessary for the Court to determine whether the landowner has been deprived of substantially all economically beneficial value of the property. Therefore, for these claims to be ripe, the Plaintiff is required to reapply for zoning in order to establish what extent of development will be permitted and for a court to determine whether the regulation has gone "too far". *See MacDonald, Sommer & Frates v. Yolo County,* 477 U.S. 340, 533–38, 106 S.Ct. 2561, 2566–68, 91 L.Ed.2d 285 (1986).

*Eide v. Sarasota County,* 908 F.2d 716 (11th Cir.1990), at p. 725.

■ In the instant case, Restigouche argues that its auto parcel property has been "taken" by the Town of Jupiter because it is no longer permitted a use as an auto sales campus by right or by special exception pursuant to the Indiantown Overlay Zoning Ordinance applied to the C–2 zoning of that area. It is uncontroverted that 27 commercial uses remain for that property, including shopping centers and garages. It is also uncontroverted that Restigouche has never applied to use that property for any use other than the auto campus, which use is now prohibited by the IOZ. At oral argument, Restigouche argued that the auto campus use for its property was the *only* viable economic use for its property and that it would be able at trial to prove that no viable economic use remained for its property in today's economic environment.[1] Restigouche cites no authority for the proposition that a taking of a federal constitutional level has occurred when it unilaterally determines that the 27 remaining commercial uses are not economically feasible for its property. "Mere diminution in value of property because of land use regulation does not by itself constitute a taking." *See Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1576 n. 11. Because Restigouche has never applied for rezoning of its property or applied for a use consistent with the IOZ, there is no final zoning decision (in the area of due process takings or just compensation) to that property. The local authority has not made all necessary decisions for the Court to determine whether or not Restigouche has been deprived of substantially all economically beneficial value of his property. Restigouche's taking claims are not ripe. *See Eide v. Sarasota,* 908 F.2d 716 (11th Cir.1990).

Whether the violation alleged is a taking without just compensation or a deprivation of substantive due process, the decision of a municipality is not ripe for review unless that decision is final and definite with respect to the property at issue.

*Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1573 .(11th Cir.1989). Ripeness is a question of subject matter jurisdiction. *Reahard v. Lee County,* 978 F.2d 1212 (11th Cir.1992).

### ARBITRARY AND CAPRICIOUS DUE PROCESS VIOLATION AS APPLIED

■ Restigouche argues that the Town of Jupiter's action in applying the IOZ to its property is arbitrary and capricious. The standard for ripeness as to this claim differs from the standard of "takings" claims. *See Eide v. Sarasota,* 908 F.2d at 725 at n. 16:

The reason for this is that an arbitrary and capricious act by a government is unconstitutional even if the government pays just compensation. A property owner's rights are violated "the moment a governmental decision affecting his [or her] property has been made in an arbitrary and capricious manner, regardless of whether he [or she] is later compensated for that violation." *Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d at 1574, n. 8 (11th Cir.1989).

Restigouche argues that its arbitrary and capricious due process claim is ripe for review in that Restigouche has applied to use its property under the zoning in effect prior to the IOZ, which allowed auto campuses by special exception. Restigouche has been denied that use on the specific ground the use is no longer permitted by virtue of the IOZ. Restigouche does not allege that there are no uses left for its land, only that its use as an auto sales campus is the only economically viable use. Restigouche alleges that the decision to apply the IOZ to its land is arbitrary and capricious as it is applied to the

---

1. At oral argument, this Court invited the Plaintiff and the Defendant to supplement the record with additional depositions and affidavits if counsel chose to do so. Both Restigouche and the Town of Jupiter declined this Court's invitation. Restigouche filed an untimely motion to supplement the record one or two days after the hearing. However, Restigouche did not point out to the Court in its motion any material facts which would bear upon the motion for summary judgment. Both Plaintiff and Defendant stated to the Court that it was their belief that the Court had before it all that was needed to decide the matter; that the Court would reach the same result with or without the record being supplemented. The Court sees no reason to supplement the record.

use for an auto sales campus. Thus, with respect to the arbitrary and capricious due process claim, the challenged zoning decision (use as an auto campus) is final and such use has been denied. This claim is ripe for review. *See again Eide,* p. 725 n. 16.[2]

In order for Restigouche to succeed on its claim of arbitrary and capricious due process taking, it must prove both a deprivation of a federal constitutionally protected interest and that the deprivation was a result of an abusive governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation. *Corn v. City of Lauderdale Lakes,* 997 F.2d 1369, at 1374 (11th Cir.1993). If Restigouche fails to prove either prong of this two-part test, then the Court need not address the other. *Id.* at 1374. In applying this two-part test, the key inquiry in a case is the second prong of the test.

Substantive due process protects a general right of an individual to be free from the abuse of governmental power. *Rymer v. Douglas County,* 764 F.2d 796 (11th Cir. 1985). The deprivation of a property interest is an abuse of governmental power and of constitutional stature if it is undertaken for an improper motive and by means that were pretextual, arbitrary and capricious, and without any rational basis. *Spence v. Zimmerman,* 873 F.2d 256, 258 (11th Cir.1989). The actions of a zoning commission "are entitled to a presumption of validity. The only question which federal district courts may consider is whether the action of the zoning commission is arbitrary and capricious, having no substantial relation to the general welfare." *Couf v. DeBlaker,* 652 F.2d 585, 588 (5th Cir., Unit B, 1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982).

The Town has moved for summary judgment with respect to Restigouche's claim of arbitrary and capricious due process taking. The Town has set out facts uncontradicted by the Plaintiff upon which the Town alleges there is no genuine issue and as a matter of law, summary judgment should be granted.

Contrary to the assertion of Restigouche in its responsive memorandum of law to the motion for summary judgment, the burden falls to Restigouche to affirmatively show that the Town's actions were arbitrary and capricious.[3] It is not the burden of the Town to prove a negative. The record is clear that the Town of Jupiter began its study of the Indiantown Road corridor prior to any application being made by Restigouche for a special exception under the present zoning to use its land as an auto sales campus. The Town commissioned a study, conducted workshops and sought input, both positive and negative, from members of the community with respect to the various uses to be allowed on this corridor. The stated purpose at those meetings for the restriction in uses along that corridor was to provide an aesthetic statement to those entering the Town of Jupiter about the quality of life in that town. There is no evidence of record that the Town's action in passing the IOZ was for an improper motive or by means that were pretextual, arbitrary, capricious, or without any rational basis.

The reasons which will sustain the finding of rational and not arbitrary in the zoning context are legion. *See again Corn* at 1374–75. The substantive due process doctrine prevents a government from restricting land use for no reason or for an illegitimate reason such as corruption. The government may not act out of racial or ethnic prejudice or as a result of any other illegitimate motivation. *See Greenbriar,* 881 F.2d at 1579 n. 8. The restrictions the government imposes on land use must be substantially related to the general welfare. *Id.* at 1376.

The burden is on Restigouche to present such evidence now at summary judgment and it has failed to do so. "The ultimate issue of whether a zoning decision is arbitrary and

2. See Judge Clark's dissenting opinion to the contrary in *Executive 100, Inc. v. Martin County,* 922 F.2d 1536, 1543 (11th Cir.1991).

3. Counsel for Restigouche at oral argument conceded this was his burden. Counsel arguing summary judgment for Restigouche neither drafted the complaint nor the response to the Town's motion for summary judgment.

capricious is a question of law to be determined by the Court." *Corn* at 1373.

It is clear from the record in this case and this Court finds that the developer, Restigouche, has not met its burden of showing that the Town of Jupiter acted in an arbitrary and capricious manner in passing and applying the IOZ to its property. Whether or not the property in question was a part of a vested DRI is irrelevant to the federal constitutional equation. A zoning regulation will not be declared unconstitutional as violative of substantive due process unless it is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. *Village of Euclid, Ohio v. Ambler Realty,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

▆ Federal Courts do not sit as super zoning courts to arbitrate state law zoning disputes. *Corn* at 1389. Restigouche has attempted to use the federal court as such a super zoning court. There simply is no substantial federal question to be resolved.

It is, therefore, **ORDERED** that the Town of Jupiter's Motion for Summary Judgment on all remaining federal claims which allege arbitrary and capricious due process claims is **GRANTED.**

All federal "takings" claims are **DISMISSED** in that they are not ripe and, therefore, this Court lacks subject matter jurisdiction.

The remaining pendent state law claims are DISMISSED. *See Local Div. 732 v. Metropolitan Atlanta,* 667 F.2d 1327 (11th Cir.1982).

All pending motions are **DENIED AS MOOT.**

**DONE and ORDERED.**