643 So.2d 8 (1994)
Richard E. SCHUMACHER, Appellant,
v.
TOWN OF JUPITER, a municipal corporation, Appellee.
No. 93-1527.
District Court of Appeal of Florida, Fourth District.
August 24, 1994.
Rehearing Denied October 27, 1994.
*9 John Beranek of Aurell Radey Hinkle Thomas & Beranek, Tallahassee, and J. Michael Burman of Slawson, Burman & Critton, North Palm Beach, for appellant.
Thomas J. Baird of Watterson Hyland Baird & Klett, P.A., Palm Beach Gardens, and Nancy E. Stroud of Burke, Bosselman & Weaver, Boca Raton, for appellee.
PER CURIAM.
We affirm, finding no error by the trial court in holding that Jupiter did not act arbitrarily or capriciously in amending a zoning ordinance and that appellant had waived any defect in the notice provided to him of the proceedings during which the change was effected.
As to the validity of the zoning scheme excluding automobile dealerships itself we rest our decision on the discussion and analysis in Restigouche, Inc. v. Town of Jupiter, 845 F. Supp. 1540 (S.D.Fla. 1993). In that case the same zoning scheme involved herein was challenged and upheld. We see no need to repeat the analysis here. See also Corn v. City of Lauderdale Lakes, 997 F.2d 1369 (11th Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1400, 128 L.Ed.2d 73 (1994).
On the notice issue, appellant claims error in the trial court's finding that he waived the notice requirements by his extensive knowledge of and actual attendance and participation in the relevant proceedings. The general rule is that, while strict compliance with statutory notice requirements is mandatory and jurisdictional, a contesting landowner may waive the right, or be estopped, to assert a defect in the notice if that landowner appeared at the hearing and was able to fully and adequately present any objections to the ordinance. Malley v. Clay County Zoning Comm'n, 225 So.2d 555, 557 (Fla. 1st DCA 1969). If, however, the notice is so lacking that the landowner was unable to fully prepare for the hearing to voice an objection, or where the landowner can otherwise demonstrate prejudice, then courts will refuse to find a waiver or estoppel. Id.
Here, as in Malley, the record reflects that appellant, through counsel, had substantial and continuous knowledge of the pending proceedings and did appear at the final hearing on the proposed ordinance and express his objections. As in Malley we find no error in the trial court's holding that appellant waived any claimed defects in the notice and was estopped from asserting such defects as a basis for invalidating the ordinance.
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.