739 So.2d 1223 (1999)
STATE of Florida, Appellant,
v.
Robert Willis BROOKS, Appellee.
No. 98-2874.
District Court of Appeal of Florida, Fifth District.
August 6, 1999.
*1224 Robert A. Butterworth, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Daytona Beach, for Appellee.
HARRIS, J.
The issue in this case is whether the sentencing judge is permitted to mitigate a sentence following a conviction for lewd, lascivious or indecent assault upon a child because the child was the "initiator, willing participant, aggressor or provoker of the incident." The trial judge observed that this ground "is the one the sentencing commission considered for this particular statute and recommended to the legislature, and it is the theory that the legislature adopted word for word from the sentencing commission and that's the reason for imposing the downward departure."
We held in State v. Rife, 733 So.2d 541 (Fla. 5th DCA 1999), cert. granted (May 28, 1999), that although consent of the victim is not a defense to the crime, it is nevertheless a mitigating factor which may be considered by the trial judge. In reviewing a departure based on consent of the youthful victim, we indicated there is a two-part test: first, is there record support that the mitigating factor is actually present, and second, whether the court abused its discretion in mitigating the sentence.
The record fully supports the trial judge in finding that this thirteen-year-old girl, a youthful prostitute, willingly participated in the sexual encounter. But because of her age, the question remains as to whether the court abused its discretion in entering a downward departure.
Considering the testimony most favorable to the court's decision, here are the facts. At about 4:00 a.m., Brooks saw a female get out of the cab of a truck. Believing her to be a prostitute and over the age of consent, Brooks motioned her over to his vehicle and inquired if she would like to earn $20 by providing him sex. She agreed and entered his vehicle and they drove to a vacant house formerly occupied by Brooks and to which he retained a key. They entered the house, Brooks gave her the money, they both disrobed, and commenced having sex. The girl complained about pain caused by a recent sexual encounter with her "boyfriend." Because of her discomfort, Brooks was unable to maintain an erection and requested his money back. The girl returned his money, but went across the street and called the police telling them she had just been sexually assaulted.[1]
*1225 At trial, before Brooks ultimately entered his plea without a sentencing concession, the girl testified that she was thirteen at the time of the incident. Brooks told the police that she looked of age to him.[2] Although we are unable to judge the physical appearance of the young girl, the trial court was well able to do so. It appears reasonable that a youth in the business of soliciting sex would attempt to look older. While reasonably mistaking the victim's age is not a defense to the crime, is it not at least appropriate for the judge to consider such evidence in determining whether and how much weight to give to the victim's voluntary participation when crafting an appropriate sentence?[3] It is one thing for a defendant to take advantage of a youth's inexperience by knowingly having sex with a thirteen-year-old even with her voluntary participation; it is quite another thing when the defendant reasonably believes that his companion is of the age of consent. The two do not appear to warrant the same punishment.
Cicero opined over two thousand years ago that we should "[l]et the punishment match the offense." Sir William Schwenck Gilbert, in The Mikado, said it in verse:
My object all sublime I shall achieve in time To make the punishment fit the crime.
We said in Rife that the younger and less mature the victim, the less likelihood of a finding that even willing participation is sufficient for mitigating. Although the victim in this case was young, her actions bespeak a maturity far beyond her years. She was out alone at 4:00 in the morning, appearing much older, and looking for action. Brooks intentionally committed the crime of purchasing the services of a person engaged in prostitution; in the process, he appears to have unknowingly committed the greater offense of lewd and lascivious act on a child. Even though he committed the offense unknowingly, he was properly adjudicated guilty of the greater offense. But in considering the sentence, the trial court determined that the year-and-a-half spent in jail awaiting trial was sufficient punishment to "fit the crime." We affirm.
Because Rife is pending review by the supreme court, we certify this comparison issue:
MAY A REASONABLE MISTAKE AS TO THE AGE OF THE VICTIM BE CONSIDERED IN MITIGATION?
AFFIRMED.
W. SHARP, J., concurs.
THOMPSON, J., concurs in part and dissents in part, with opinion.
THOMPSON, J., concurring in part and dissenting in part.
I concur with the court that the question should be certified; however, I respectfully dissent for the reasons I expressed in State v. Rife, 733 So.2d 541, 1999 WL 148030 (Fla. 5th DCA 1999), and I add these observations. Judge Harris' opinion is well reasoned and correct if his initial premise is accepted: "that although consent of the victim is not a defense to the crime, it is nevertheless a mitigating factor which may be considered by the trial judge." I do not, however, accept this premise if the victim is thirteen years old. What troubles me is that by following Judge Harris' premise, sentencing becomes based upon a balancing of the comparable morality and/or worth of the victim and the defendant. Rather than focusing on the protection of children, the sentencing court focuses upon whether defendant has been punished *1226 enough and whether the child is so bad and of such low moral character that the defendant need not be punished anymore. That focus defeats the overarching goal of protecting children. Should a defendant with "good" morals receive a downward departure sentence because the child victim has "bad" morals? Should a defendant with "bad" morals receive a guideline sentence because the child victim has "good" morals?
This case shows why section 921.0016(4)(f), Florida Statutes should not be used for downward departures in cases where consent is not a defense to the crime. It is neither normal nor expected that a thirteen-year-old will become a prostitute unless the economic and social forces in her life impel such a decision. Perhaps her decision results from having been sexually abused or having been an incest victim. The record does not detail this victim's reasons for becoming a prostitute, but I suggest there must have been severe family dysfunction or other powerful circumstances that made prostitution an acceptable alternative lifestyle. She was a victim when she made that "choice." In my opinion, she became a victim again at sentencing.
A downward departure based upon the fact that the victim is a prostitute ignores the state's desire to protect children. One way to protect children is to severely punish men who pay girls to have sex with them. Brooks, age fifty-three, claims he thought this thirteen-year-old was an adult. As noted by this court, "[t]he record fully supports the trial judge in finding that this thirteen-year old girl, a youthful prostitute, willingly participated in the sexual encounter." The trial court evidently believed Brooks after seeing and hearing the victim. It appears to me more likely that Brooks really did not care how old she was and would not have stopped his solicitation if she had disclosed her age. What he thought should not be our concern; the effect upon the child should.
Recently, the Florida Supreme Court reiterated the importance of treating children differently. In Brennan v. State, 24 Fla. L. Weekly S365, ___ So.2d ___, 1999 WL 506966 (Fla. July 8, 1999), the court stated that the death penalty could not be imposed on a child who was sixteen or younger at the time he committed a capital murder. Brennan and his eighteen-year-old codefendant murdered a man by beating him with a baseball bat and cutting his throat with a box cutter. His codefendant was sentenced to death, but the court reversed Brennan's death penally stating, "[h]owever, we cannot impose the death penalty on this defendant who was sixteen at the time of the crime, consistent with our case law and our Constitution." Id. (citing Allen v. State, 636 So.2d 494 (Fla. 1994)). The fact that death penalty cases and sentencing for sexual battery are different does not obviate the fact that Florida treats children differently. See Jones v. State, 640 So.2d 1084, 1088 (Fla.1994) (Kogan, J., concurring) (stating that accepting that children can consent to sex will lead to their exploitation).
I would hold that the consent of a thirteen-year-old cannot be used for a downward departure sentence. Accord State v. Hoffman, ___ So.2d ___, 1999 WL 682599 (Fla. 2d DCA Sept. 3, 1999) (holding that "consent" to sexual activity given by an eleven-year-old can never serve to mitigate a sentence for incest).
NOTES
[1] The victim's testimony was substantially the same as Brooks' except that she testified that after he entered her, for some unexplained reason ("I changed my mind"), she told him to stop but he did not immediately do so. She admitted he did not complete the act and that he demanded his money back. It was after she returned his money that she called the police.
[2] The testimony was that Brooks saw her at 4:00 in the morning (we do not know the lighting condition at that time and place), motioned her to his vehicle where the "contract" was made, drove her in his vehicle to a vacant house (presumably without electricity) and was with her there only ten minutes.
[3] See Judge Hall's dissent in State v. Sorakrai, 543 So.2d 294, 296 (Fla. 2d DCA 1989): "such facts [defendant's belief that the victim was of lawful age] are more appropriate as mitigating factors for consideration at the sentencing phase."