764 So.2d 695 (2000)
The CITY OF JACKSONVILLE, Petitioner,
v.
John and Noreen HUFFMAN, Virginia Greenland, and Anthony Salvatore, Respondents.
No. 1D99-3547.
District Court of Appeal of Florida, First District.
June 8, 2000.
Richard A. Mullaney, General Counsel, Karl J. Sanders, Assistant General Counsel, City of Jacksonville, for Petitioner.
*696 Brenna M. Durden of Lewis, Longman & Walker, P.A., Jacksonville, for Respondents.
ERVIN, J.
The City of Jacksonville files this petition for writ of certiorari, challenging an order that quashed a resolution by the Jacksonville City Council permitting construction of a medical office building on three vacant lots in a historic district in Jacksonville. Respondents, John and Noreen Huffman, Virginia Greenland and Anthony Salvatore (hereinafter, the complainants), all live in the immediate vicinity of the property. We conclude that the circuit court departed from the essential requirements of law, because it ruled on issues that neither party raised, and because its order is internally inconsistent.
In the proceeding below, Greenland and Salvatore claimed they received inadequate notice of the initial hearing on the building application before the Jacksonville Historic Preservation Commission. The Huffmans claimed they received inadequate notice of Greenland and Salvatore's subsequent appeal of the Commission's approval of the application before the Land Use and Planning Committee. The circuit court granted the petition for writ of certiorari filed by the Huffmans, Greenland and Salvatore, finding that the City had failed to afford them procedural due process and had departed from the essential requirements of law, based upon inadequate notice. We quash the petition for the following reasons.
First, the court found that Greenland and Salvatore were denied procedural due process, because they learned of the hearing set before the Land Use and Zoning Committee "only by accident, too close to the hearing date to actually prepare," and thus were not provided notice pursuant to section 307.204(h) of the Jacksonville Historic Preservation and Protection Ordinance. On the contrary, the complainants never claimed that Greenland and Salvatore did not receive adequate notice of the hearing. In fact, Greenland and Salvatore received actual written notice 19 days before the hearing, as they had expressly stated in their petition for writ of certiorari.
Second, the court found that the Huffmans were denied procedural due process, because they did not learn of the hearing before the Land Use and Zoning Committee at all. The complainants, however, never asserted this as error in their petition, and, indeed, they appeared at such hearing. They expressly stated in their petition for writ of certiorari that the Huffmans learned of the hearing five days before it took place.
Third, the court found that the complainants were denied procedural due process, because they were not provided the requisite notice of the initial public hearing before the Historic Preservation Commission. This finding alone, however, could not provide the sole basis for quashing the decision of the City Council, because the complainants were provided a full opportunity to present their objections in their appeal of the Commission's decision in a hearing before the Land Use and Zoning Committee, which was conducted de novo.
Fourth, the court found that the City Council's act of granting a Certificate of Approval to the proposed project departed from the essential requirements of law, because the City did not comply with the notice provision of section 307.204. Section 307.204 establishes the notice requirements for appeals before the Land Use and Zoning Committee, so presumably the court was referring to notice before the Committee hearing. The court, however, made no additional findings as to whether the complainants were prejudiced by the inadequate notice. Although strict compliance with statutory notice requirements is mandatory, a contesting party's right to assert a defect in such notice may be waived if the party appeared at the hearing and was able to fully and adequately *697 present his or her objections. The defense of waiver will be denied only if the party was unable to fully prepare for and present objections at the hearing or was otherwise prejudiced by the defective notice. See Malley v. Clay County Zoning Comm'n, 225 So.2d 555 (Fla. 1st DCA 1969); Schumacher v. Town of Jupiter, 643 So.2d 8 (Fla. 4th DCA 1994). The lower court's only statements regarding prejudice were in the two findings discussed above, that Greenland and Salvatore were unable to adequately prepare for the Land Use and Zoning Committee hearing because they had received notice "by accident, too close to the hearing date," and that the Huffmans "did not learn of the hearing at all." As stated, the complainants did not make either assertion in their petition for writ of certiorari.
Fifth, the circuit court rejected the complainants' claim that the City Council's act of granting the Certificate of Approval was not supported by competent and substantial evidence. The court found that the complainants had admitted, and the record showed, that the Land Use and Zoning Committee had considered the documents they had submitted at the hearing, and that the information contained in these documents fairly represented their objections to the building application. The court concluded that it was not permitted in a certiorari proceeding to reweigh the evidence. The court's finding that the documents submitted "fairly represented their objections to the project" renders the entire order internally inconsistent. If the evidence before the Land Use and Zoning Committee during the de novo hearing fully apprised the Committee of the complainants' objections to the project, and provided competent, substantial evidence for the Certificate of Approval, then it was inconsistent for the lower court to conclude as well that the complainants did not have sufficient notice of the hearing in which to prepare and present evidence.
We reject the City's remaining issues. We GRANT the City's petition for writ of certiorari, QUASH the circuit court's order, and REMAND for the court to reconsider the complainants' petition for writ of certiorari below.
VAN NORTWICK and BROWNING, JJ., CONCUR.