788 So.2d 247 (2001)
STATE of Florida, Petitioner,
v.
Robert Willis BROOKS, Respondent.
No. SC96400.
Supreme Court of Florida.
June 7, 2001.
Robert A. Butterworth, Attorney General, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, FL, for Petitioner.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Respondent.
PER CURIAM.
We initially accepted jurisdiction to review the decision of the Fifth District Court of Appeal in State v. Brooks, 739 So.2d 1223, 1225 (Fla. 5th DCA 1999), which certified a question to be of great public importance. See art. V, § 3(b)(4), Fla. Const. The State requested that Brooks be consolidated with State v. Rife, 789 So.2d 288 (Fla.2001), for purposes of oral argument, and we heard both cases together. In Rife, we addressed a certified question from the Fifth District concerning whether a trial court may impose a downward departure sentence upon a defendant convicted of committing a sexual battery based upon the minor victim's willing participation. Having answered the certified question in Rife in the affirmative, and having reviewed the certified question in Brooks, we conclude that the certified question in Brooks addresses a narrow question based on the unique facts of that case.[1] Therefore, we find that review in Brooks based on the certified question was improvidently granted and we hereby dismiss the petition for review.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., dissents.
NOTES
[1] The certified question in Brooks was "MAY A REASONABLE MISTAKE AS TO THE AGE OF THE VICTIM BE CONSIDERED IN MITIGATION" for purposes of imposing a downward departure sentence upon a defendant convicted of committing a lewd and lascivious act. 739 So.2d at 1225.