DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL DAVID TESTA,** individually and as trustee of the
**M. DAVID TESTA REVOCABLE LIVING TRUST,
DATED OCTOBER 25, 2017,**
Appellant,

v.

**TOWN OF JUPITER ISLAND,
JUPITER ISLAND COMPOUND, LLC,** and **DOLPHIN SUITE, LLC,**
Appellees.

No. 4D22-432

[May 17, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Gary L. Sweet, Judge; L.T. Case No. 2021CA000599.

Jesse Panuccio, Stuart H. Singer, James Grippando, and Jason Hilborn of Boies Schiller Flexner LLP, Fort Lauderdale, for appellant.

Joanne M. O'Connor and John C. Randolph of Jones Foster P.A., West Palm Beach, for appellee Town of Jupiter Island.

Ethan J. Loeb, Steven Gieseler, Cynthia G. Angelos, Nicholas M. Gieseler, and Elliot P. Haney of Bartlett, Loeb, Hinds & Thompson, PLLC, Tampa, for appellees Jupiter Island Compound, LLC, and Dolphin Suite, LLC.

Joni Armstrong Coffey and Gerald B. Cope, Jr. of Akerman LLP, Miami, and Janette M. Smith of Vernis & Bowling of The Florida Keys, P.A., Islamorada, for amicus curiae The City, County, and Local Government Section of The Florida Bar, in support of appellees' motions for certification.

Virginia S. Delegal of Florida Association of Counties, Tallahassee, and Jeffrey N. Steinsnyder of Florida Association of County Attorneys, Inc., New Port Richey, for amicus curiae Florida Association of County Attorneys, Inc., in support of appellees' motions for certification.

Fred E. Moore of Blalock Walters, P.A., Bradenton, for amicus curiae Florida Municipal Attorneys Association, in support of appellees' motions for certification.

Kyle S. Bauman of Anchors Smith Grimsley, PLC, Fort Walton Beach, and Kimberly R. Kopp of Romano Kopp Law, PA, Sanford, for amicus curiae Okaloosa County League of Cities, Inc., in support of appellee Town of Jupiter Island's motion for certification.

## *ON APPELLEES' MOTION FOR CERTIFICATION*

PER CURIAM.

Following our merits opinion in this case, issued as *Testa v. Town of Jupiter Island*, 4D22-232, 48 Fla. L. Weekly D306, 2023 WL 1808293 (Fla. 4th DCA Feb. 8, 2023), appellees have filed separate motions for certification to the Florida Supreme Court of a question of great public importance. We have considered the appellees' motions, the amicus curiae filings in support of appellees' motions, and appellants' responses to appellees' motions and the amicus curiae filings.

Based on the foregoing, we grant appellees' motions to certify a question of great public importance. However, we do not agree with appellees' proposed certified question. Appellees' proposed certified question asks:

> Whether section 166.041(3)(a), Florida Statutes (2018), requires a municipality to re-advertise an ordinance proposed for adoption, where the advertised public meeting is held, and the ordinance is considered, but the vote adopting the proposed ordinance is continued, deferred, postponed, or otherwise carried over on the record to a subsequent, date certain public meeting.

We rephrase appellees' proposed certified question to more accurately reflect the record and our holding. To that end, we certify to the Florida Supreme Court the following question of great public importance:

> Where an ordinance proposed for adoption is initially advertised for a date certain public meeting in compliance with section 166.041(3)(a), Florida Statutes (2018), and the proposed ordinance is considered at the advertised public meeting, but the proposed adoption is postponed on the record from the advertised public meeting to a subsequent date certain public meeting, does section 166.041(3)(a) require

2

the municipality to re-advertise the ordinance proposed for adoption for the subsequent date certain public meeting in compliance with section 166.041(3)(a)?

*Motions for certification granted; rephrased question certified.*

KLINGENSMITH, C.J., and GERBER, J., concur.
GERBER, J., concurs specially with an opinion.
ARTAU, J., dissents with an opinion.

GERBER, J., concurring specially.

I concur with the foregoing opinion certifying a question of great public importance. I write separately to briefly respond to my colleague's dissent from certifying a question of great public importance.

I recognize that the purpose of certifying a question of great public importance is not to request the Florida Supreme Court "to check our work." *See Owens-Corning Fiberglas Corp. v. Ballard*, 749 So. 2d 483, 485 n.3 (Fla. 1999) (discouraging district courts of appeal "from asking for this kind of check on [their] decision[s] as a question of great public importance"). We remain confident in our decision.

I further recognize that "[a] mere conviction that the Florida Supreme Court should hear the case will not suffice" and "that a case presents an issue of first impression in this state would not in itself seem to establish a question of great public importance." Raoul G. Cantero III, *Certifying Questions to the Florida Supreme Court: What's So Important?*, 76 Fla. B. J. 40, 40-41 (May 2002).

Rather, certification of questions of great public importance requires consideration of many factors, including (1) the importance of the issue; (2) whether its resolution affects parties statewide versus only the individual litigant; (3) whether it is one of "first impression" or arises regularly; (4) whether caselaw is unclear; (5) the significance of judicial and public policy in its resolution; and (6) the relevance of intervening legal developments. *Id.*

This case satisfies all of the foregoing factors except for the sixth factor relating to intervening legal developments, which have yet to occur but reasonably may occur. First, the issue's importance is plain, because it affects the manner by which the public is notified of a municipality's intent to adopt a proposed ordinance. Second, the issue's resolution affects parties statewide, because we have held that where an ordinance proposed

3

for adoption is initially advertised for a date certain public meeting in compliance with section 166.041(3)(a), Florida Statutes (2018), and the proposed ordinance is considered at the advertised public meeting, but the proposed adoption is postponed on the record from the advertised public meeting to a subsequent date certain public meeting, section 166.041(3)(a) requires the municipality to re-advertise the ordinance proposed for adoption for the subsequent date certain public meeting in compliance with section 166.041(3)(a). Third, the issue is one of first impression, as the parties concede. Fourth, no case law exists on this issue until now. And fifth, the judicial interpretation of this issue is significant to public policy, because the interpretation determines whether a municipality is required to re-advertise when an ordinance's proposed adoption is postponed on the record from an advertised public meeting to a subsequent date certain public meeting.

These factors also are evident in the several amici's consistent arguments as to why we should exercise our discretion to certify this issue as a question of great public importance. For example, the municipal attorneys' association pertinently argues:

> The [Fourth District's] opinion may encourage the filing of a challenge to any ordinance adopted at a meeting held subsequent to a noticed meeting unless the ordinance was re-advertised. Based on the [Fourth District's] *void ab initio* remedy, the result will be that municipalities may have to defend police power enforcement actions taken pursuant to these ordinances, rights or benefits granted or denied pursuant to these ordinances, or any other action or activity taken by a municipality pursuant to these ordinances. While not all challenges will be successful, these challenges will increase the volume of litigation and consume municipal and judicial resources in addressing the challenges.

> Because [the Fourth District's] holding will be read to void many ordinances throughout Florida, the [municipal attorneys' association] is concerned that [the Fourth District's] holding will lead to statewide litigation. This issue needs to be addressed by the Florida Supreme Court so that it can issue a decision conclusively resolving the issue statewide without the delay and expense created by additional appeals to the other five district courts of appeal by parties hoping to obtain a conflicting decision.

4

The opinion issued by [the Fourth District] on February 8, 2023, does not contain a certified question and it does not express conflict with a decision of another [district court of appeal]. The ability of the Appellees to obtain review at this time in the Florida Supreme Court would be greatly assisted by the inclusion of a certified question in [the Fourth District's] final opinion.

Thus, contrary to our colleague's dissent, this question does not involve "an extremely narrow principle of law" based on "unique facts." *Cf. State v. Sowell*, 734 So. 2d 421, 422 (Fla. 1999) (dismissing review as having been improvidently granted because "the actual legal question deals with an extremely narrow principle of law"); *State v. Brooks*, 788 So. 2d 247 (Fla. 2001) (dismissing review as having been improvidently granted because the certified question "addresse[d] a narrow question" based on "unique facts"); *Dade Cnty. Prop. Appraiser v. Lisboa*, 737 So. 2d 1078, 1078 (Fla. 1999) (dismissing review as having been improvidently granted because "the question to be answered require[d] consideration of a narrow issue with very unique facts").

Rather, as the amici cogently articulate, this case presents facts commonly occurring statewide: an ordinance proposed for adoption is initially advertised for a date certain public meeting in compliance with section 166.041(3)(a), Florida Statutes (2018), and the proposed ordinance is considered at the advertised public meeting, but the proposed adoption is postponed on the record from the advertised public meeting to a subsequent date certain public meeting. Those commonly occurring facts raise a broad legal question applying statewide: whether section 166.041(3) requires the municipality to re-advertise the ordinance proposed for adoption for the subsequent date certain public meeting in compliance with section 166.041(3)(a).

For these reasons, we grant appellees' motions to certify a question of great public importance.

ARTAU, J., dissenting.

I dissent from the certification of the question deemed by the majority to be one of great public importance. A district court of appeal should not certify a question on "an extremely narrow principle of law" like the one decided in this case. *State v. Sowell*, 734 So. 2d 421, 422 (Fla. 1999) (dismissing review as having been improvidently granted because "the actual legal question deals with an extremely narrow principle of law"); *see also, e.g., State v. Brooks*, 788 So. 2d 247 (Fla. 2001) (dismissing review as

5

having been improvidently granted because the certified question "addresse[d] a narrow question" based on "unique facts"); *Dade Cnty. Prop. Appraiser v. Lisboa*, 737 So. 2d 1078 (Fla. 1999) (dismissing review as having been improvidently granted because "the question to be answered require[d] consideration of a narrow issue with very unique facts"); *Sunshine Vistas Homeowners Ass'n v. Caruana*, 597 So. 2d 809, 811 (Fla. 3d DCA 1992) (Schwartz, J., dissenting) (noting that district courts of appeal "should not and, indeed, may not pass the buck to the supreme court merely because a particular case is difficult or one of first impression" because "[t]he constitution permits this to be done only if the decision 'passes upon a question . . . of great public importance'" (quoting Art. V, § 3(b)(4), Fla. Const.)).

While I agree that any judicial determination that alters the statutorily mandated public notice requirements by dispensing with the requirement that the public be notified of the date, time, and place their government will meet is a matter of great public importance, that is not the issue for which the appellees seek certification of a question to our supreme court. Instead, they seek certification because they do not believe they are statutorily obligated to notify the public whenever the date and time of a meeting to adopt an ordinance is postponed to another date and time that has never been publicly advertised in compliance with section 166.041(3)(a), Fla. Stat. (2018).

Put simply, the issue presented in this appeal does not give rise to a question of great public importance. Merely determining that a municipal government is required to comply at minimal expense with the technical public notice requirements set forth in section 166.041(3)(a) by timely publishing notice containing the date, time, and place of a meeting in a local newspaper of general circulation, is not an issue of great public importance. *See City of Jacksonville v. Huffman*, 764 So. 2d 695, 696-97 (Fla. 1st DCA 2000) ("strict compliance with statutory notice requirements is mandatory [and can only be waived if an affected] party appeared at the [municipal] hearing and was able to fully and adequately present his or her objections").

To the extent the appellees wish to be relieved of the public notice requirements mandated by the statute, it is my considered judgment that they would need to take the matter up with the Legislature instead of our supreme court. *See, e.g., Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008) (noting that a court is "not at liberty to rewrite [a] statute to reflect a meaning [it] deem[s] more desirable"); *Hill v. State*, 143 So. 3d 981, 986 (Fla. 4th DCA 2014) (en banc) (noting that "[w]e are not at liberty" to "rewrite" statutes).

6

Thus, I respectfully dissent from certifying the question posited by the majority.

*        *        *

**_No motions for rehearing directed to this certification opinion shall be permitted._**