567 So.2d 503 (1990)
Laura SALERNO, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1758.
District Court of Appeal of Florida, Fifth District.
September 20, 1990.
Rehearing Denied October 8, 1990.
*504 Howard S. Reiss, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Laura Salerno appeals her adjudication of guilt of battery of a law enforcement officer following a jury verdict. We affirm.
On August 22, 1989, Salerno was adjudicated guilty of the offense, and on August 25, 1989, she filed her notice of appeal. By order dated November 7, 1989, the court withheld sentence and placed her on probation for five years. On December 24, 1989, while her appeal was pending, she filed a notice of appeal amended to include both the adjudication of guilt and the order of probation.
The appellant raises the issue of whether the filing of a notice of appeal following adjudication of guilt, but prior to sentencing, deprives the trial court of jurisdiction to impose sentence. Rule 9.600, Florida Rules of Appellate Procedure, provides that, from the time a final judgment of guilt has been rendered and an appeal has been filed, up to the time the record is transmitted, the lower tribunal shall have concurrent jurisdiction with the appellate court for procedural matters. See Williams v. State, 324 So.2d 74 (Fla. 1975), for a discussion of when a judgment is rendered. Appellant argues that a sentence is a substantive matter and, that, therefore, the lower tribunal loses jurisdiction to impose sentence when the notice of appeal is filed.
Rule 9.140(b)(1)(A), Florida Rules of Appellate Procedure, permits an appeal from a final judgment adjudicating guilt. Subpart (E) of the same rule permits an appeal of "a sentence when required or permitted by general law." The rule allows an appeal from either pronouncement by a court. If a defendant wishes to file an appeal from both, Rule 9.140(b)(2) contemplates such procedure by allowing the appeal to be taken at any time between rendition of a judgment and 30 days following the entry of a written order imposing sentence.
The committee notes to Rule 9.140(b)(2) provide that, in a capital case, when a defendant appeals before entry of the written order imposing the sentence, the appellate court should hold the matter in abeyance until sentence has been imposed; this implies that the trial court does not lose jurisdiction to impose sentence. In the judicial arena, economy of both time and expense prefers one appeal; Rule 9.140(b)(2) recognizes that, as well as the committee note allowing the district courts to abate an appeal until sentence is rendered. Williams v. State, 324 So.2d 74 (Fla. 1975), also recognized this principle of abatement when it allowed a notice of appeal filed prior to rendition to exist in a state of limbo until the written judgment was rendered.
Should a sentence be delayed beyond a reasonable time, the appellate court may consider and rule upon an adjudication of guilt and allow the defendant to file a separate appeal of a sentence. Since Salerno had an adequate remedy of appeal for both the judgment and the sentence, and the delay in sentencing was not unreasonable, there exists no reason for the trial court to lose jurisdiction to sentence the defendant while the adjudication of guilt is on appeal.
We find no merit in the remaining issues raised on appeal.
AFFIRMED.
HARRIS, J., and McNEAL, R.T., Associate Judge, concur.