576 So.2d 1332 (1991)
STATE of Florida, Appellant,
v.
Clifford Eugene JOHNS, Appellee.
No. 90-51.
District Court of Appeal of Florida, Fifth District.
March 21, 1991.
*1333 Robert A. Butterworth, Atty. Gen., Tallahassee, Colin Campbell and Nancy Ryan, Asst. Attys. Gen., Daytona Beach, for appellant.
Andrew A. Graham and Maureen M. Matheson of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for appellee.
HAMMOND, K.C., Associate Judge.
The State of Florida appeals a downward departure sentence. We find that none of the reasons given by the trial judge supports a downward departure and accordingly vacate the sentence and remand for resentencing.
*1334 In 1988 the defendant, a police officer, was charged with lewd and lascivious assault on a child under the age of 16 years, a violation of section 800.04, Florida Statutes (1985). The defendant was tried by jury and found guilty as charged. Following adjudication of guilt, the defendant was sentenced on January 11, 1989 to 2 1/2 years incarceration.[1] His judgment and sentence were later affirmed by this court. Johns v. State, 551 So.2d 1219 (Fla. 5th DCA 1989).
In November 1989 the defendant filed a motion to correct sentence, which was treated as a motion to reduce sentence. After a hearing was held on December 22, 1989, the trial judge departed one cell downward and reduced the defendant's sentence to 18 months community control.[2] On January 2, 1990 the state filed its notice of appeal of this order. On January 5, 1990, nunc pro tunc December 22, 1989, the trial judge entered his written order reducing sentence, setting forth the following reasons for departure:
(a) The statute the defendant violated covers a broad range of victims from the totally innocent to the opposite extreme. The victim here was at the opposite extreme. She had been a prostitute since she was twelve (12) or thirteen (13). (Tr. P. 84 L. 19-P. 85 L. 3)). She used cocaine for a two (2) year period prior to trial, and used it every day she was not locked up. (Tr. P. 82 L. 1-4) The defendant paid her $40.00 for the sexual experience. (Tr. P. 73 L. 17-25).
(b) The defendant was a police officer for the City of Cocoa. He has been the arresting officer in a number of drug cases tried before the undersigned in which he went into very dangerous areas to make drug arrests. His testimony has successfully convicted these cocaine sellers. This conviction precludes any work as a law enforcement officer since it effectively revokes his certification. His career is over.
(c) In spite of her background and the knowledge gained by the State, no other person was charged with having sex with this victim. The defendant was singled out and pursued for some reason. The State produced only three (3) local witnesses in this case, the victim, a convicted criminal and a highway patrolman. Yet, at sentencing FDLE sought to tax costs in the sum of $19,644.57 for the investigation of this simple case. This is the first time in my 19 years on the bench that the State has attempted to tax such costs.
(d) The defendant's safety in prison is questionable, due to his aggressive activity in enforcing drug laws.
(e) The victim has now filed an affidavit, stating she lied at trial and never had sex with the defendant. Whether that matter should be further heard depends on the action of the 5th DCA on the Petition for Writ of Coram Nobis.
(f) Suffice it to say that this Court feels on all of these facts, that the defendant should not go to prison.
On appeal, the state contends that the trial judge erred in reducing the defendant's sentence. First, the state argues that, since the defendant's judgment and sentence had been affirmed on direct appeal, his original sentence is now the "law of the case" and cannot be reduced.
This argument is without merit. Florida Rule of Criminal Procedure 3.800(b) provides that the trial court "may reduce or modify ... a legal sentence imposed by it within sixty days ... after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal... ." *1335 Thus, the rules of criminal procedure clearly permit the sentencing judge to modify the defendant's sentence after affirmance on appeal.
Second, the state argues that the reduction in sentence is defective because the trial judge failed to file written reasons for the downward departure contemporaneously with the sentencing. In Ree v. State, 14 F.L.W. S565 (Fla. Nov. 16, 1989), the Florida Supreme Court held that written reasons for departure must be produced at the sentencing hearing. However, in the revised Ree opinion, issued on July 19, 1990, the Florida Supreme Court held that this requirement is to be applied prospectively only. Ree v. State, 565 So.2d 1329 (Fla. 1990). The sentencing hearing was prior to the revised Ree opinion and thus the contemporaneous reason requirement is not applicable.
Third, the state argues that the trial judge lacked jurisdiction to enter the written reasons for departure because at that time, the state had already filed its notice of appeal. The trial judge reduced the defendant's sentence at the sentencing hearing on December 22, 1989, but did not enter its written order reducing sentence until January 5, 1990. The rules of appellate procedure define "rendition" as the filing of a signed, written order with the clerk of the lower tribunal. Fla.R.App.P. 9.020(g). Thus, the order reducing sentence was not "rendered" until January 5, 1990. The state's notice of appeal, filed on January 2, 1990, was premature and did not divest the trial court of jurisdiction to enter the order reducing sentence. See Williams v. State, 324 So.2d 74 (Fla. 1975); Salerno v. State, 567 So.2d 503 (Fla. 5th DCA 1990).
Finally, the state argues that the trial judge failed to cite clear and convincing reasons for departure. Clear and convincing reasons are required for a downward departure from the sentencing guidelines. Reimel v. State, 532 So.2d 16 (Fla. 5th DCA), rev. denied, 542 So.2d 989 (Fla. 1989). We agree that none of the reasons given by the trial judge supports a downward departure.
The first reason for departure is the fact that the victim, although a minor, was a cocaine-using prostitute to whom the defendant paid $40 for sex. The trial judge believed that the defendant was less morally culpable in light of this.
A trial judge may consider in mitigation the manner of the commission of a crime if that matter has not been factored into the defendant's recommended guidelines sentence. State v. Sachs, 526 So.2d 48 (Fla. 1988); State v. Regan, 564 So.2d 1208 (Fla. 2d DCA 1990). In Sachs, the defendant pleaded no contest to a charge of DUI manslaughter. The trial court departed downward from the recommended guidelines sentence. On appeal, the Florida Supreme Court held that it was not improper to consider the manner in which the crime had been committed:
The state does not dispute that this respondent may not have been the immediate cause of the death that occurred in this accident. We believe that a judge does in fact have discretion to take into account a factor such as this, especially in the context of a strict liability criminal statute such as the DUI manslaughter law. Although respondent is held strictly accountable under the statute, the sequence of events that resulted in the deaths in this instance tends to show a lesser degree of moral culpability. The guidelines manifestly do not deal with this consideration, nor do they prohibit a judge from weighing it. If based on clear and convincing evidence, this factor thus could, and in this case does, constitute a reason for a downward departure.
526 So.2d at 50.
In Regan, the defendant was convicted of purchasing cocaine within 1000 feet of a school. The Legislature had increased the penalty for drug transactions within 1000 feet of a school in an attempt to create a "drug free zone" in areas where children congregate. In that case, however, the undercover police officer was deliberately standing at that location for the purpose of enhancing the penalty, there was no indication that the defendant intended to sell or *1336 give the cocaine to a minor, and the sale occurred on a Saturday afternoon in a residential area. The second district held that the fact that there was no nexus between the crime and the school was properly considered by the trial judge in imposing a downward departure sentence.
Here the defendant was convicted of violating section 800.04 which prohibits sexual intercourse with children under the age of 16. This statute specifically provides that neither the victim's lack of chastity nor the victim's consent is a defense to the crime. Thus the statute was clearly designed to protect underage children from sexual acts regardless of their prior sexual experience or willingness to engage in the sexual activity. See State v. Sorakrai, 543 So.2d 294 (Fla. 2d DCA 1989); L.L.N. v. State, 504 So.2d 6 (Fla. 2d DCA 1986), rev. denied, 511 So.2d 299 (Fla. 1987). Although the victim's consent and lack of chastity are not defenses to the defendant's crime, no statute says that these factors cannot be considered by a trial judge in imposing a downward departure sentence. Such facts may, in proper circumstances, be taken into consideration in imposing a downward departure. See Sorakrai, 543 So.2d at 296 (Hall, J., dissenting).
We find, however, that this particular case does not provide the proper circumstances for a downward departure. Here the victim was addicted to drugs at a young age and presumably was engaged in prostitution to support this habit. The defendant, a police officer, perhaps more than anyone should be aware of the devastating effects of drug abuse and how vulnerable the victim was because of her young age and drug dependency. Given the defendant's position of trust and authority in the community, the victim's drug addiction and her age of 14 years at the time the crime was committed, we conclude that the fact that the victim was a prostitute and charged the defendant for sex cannot be used as a basis to mitigate his sentence.
The second reason for the downward departure is the fact that the defendant's conviction has caused the revocation of his certification and thus his career as a police officer has been destroyed. In State v. Lacey, 553 So.2d 778 (Fla. 4th DCA 1989), the trial court departed downward citing in part the reason that the defendant had suffered enough and that the conviction would have a possible adverse effect on his professional future. On appeal, the court rejected this reason:
All defendants suffer the consequences of a criminal conviction. The sentencing guidelines do not provide special treatment for the trained, educated, or licensed. To achieve equality in sentencing, trial judges must be blind as to the color of a defendant's collar.
553 So.2d at 780. See also State v. Taylor, 482 So.2d 578 (Fla. 5th DCA 1986) (fact that guidelines recommended sentence would make it difficult for the defendant to regain employment was not a valid reason for a downward departure).
The third reason for departure is the judge's belief that the defendant has been "singled out" for prosecution. The decision of whether to prosecute in any given instance is left to the discretion of the prosecutor. This discretion has been curbed by the judiciary only in those instances where impermissible motives may be attributed to the prosecution, such as bad faith, race, religion, or a desire to prevent the exercise of the defendant's constitutional rights. State v. Bloom, 497 So.2d 2 (Fla. 1986). There is nothing in the record to support a claim that the prosecution has acted impermissibly in prosecuting the defendant.
The fourth reason for departure is the judge's concern for the defendant's safety in prison because of his aggressive activity in enforcing the drug laws. The sentencing guidelines provide no exemption from incarceration for law enforcement officials. While we understand the trial judge's concern, we are confident that the Department of Corrections has the means to insure the defendant's safety.
The fifth reason for departure is the judge's belief that the victim lied at trial and that the defendant is in fact innocent. It is not the function of the trial *1337 judge to determine the credibility of witnesses when a jury sits as the trier of fact. Nor is the judge's personal view on the lack of credibility of the victim's testimony a valid reason for a downward departure where the jury has determined otherwise. State v. Joiner, 498 So.2d 1017 (Fla. 5th DCA 1986).
SENTENCE VACATED; REMANDED.
COBB and HARRIS, JJ., concur.
NOTES
[1] The defendant's recommended guidelines sentence was 2 1/2 to 3 1/2 years incarceration.
[2] The defendant committed this crime in 1985. The sentencing guidelines were amended in 1988 to provide for a more expansive "permitted range" as well as the recommended range. See Ch. 88-131, § 1, Laws of Fla.; In re Sentencing Guidelines, 522 So.2d 374 (Fla. 1988). Had the crime been committed after the amendment, the sentence here would be valid because it falls within the "permitted range". Unfortunately for the defendant, the sentencing laws in effect on the date of the crime control the legality of the sentence. See State v. Ussery, 543 So.2d 457 (Fla. 5th DCA), rev. denied, 551 So.2d 464 (Fla. 1989).