707 So.2d 842 (1998)
Jeremiah DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03881.
District Court of Appeal of Florida, Second District.
February 27, 1998.
*843 James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges two trial court orders requiring him to pay restitution. The first order, dated November 26, 1996, ordered restitution for the loss of personal property in the amount of $705.00. As we will explain, the amount of that order of restitution is incorrect. The second order, dated January 17, 1997, ordered restitution for damages to a stolen vehicle in the amount of $821.90. We conclude that the amount of that restitution order was proper.
Appellant first argues that the restitution order of January 17, 1997 for repairs to the stolen F.B.I. vehicle should be stricken because the only evidence offered by the State to prove the amount of damages was the repair bills and the alleged hearsay testimony of F.B.I. Agent Wubbenhorst regarding the amount of money paid for the repairs. In seeking restitution for the victim, the State has the burden of proving the amount of the victim's loss by a preponderance of the evidence. See Winborn v. State, 625 So.2d 977 (Fla. 2d DCA 1993). Since Agent Wubbenhorst testified that the bills in question were kept in the regular course of business and that he is the F.B.I. records custodian, we conclude that the State's introduction of the repair bills through Agent Wubbenhorst was proper and provided sufficient, competent evidence to establish the amount of the loss. See Winborn. While we affirm the amount of the January 17, 1997 restitution order, we remand the written order for correction because it does not contain the provision, orally pronounced by the court and included in the November order, that due to appellant's present inability to pay restitution, the court reserved jurisdiction to determine his ability to pay at the time he was released from prison.
Finally, the November restitution order incorrectly states the amount of restitution as $705.00. The parties stipulated to an amount of $75.00, which was orally pronounced by the court at the hearing. Accordingly, we reverse and remand the November order with instructions that the order be conformed to the oral pronouncements.
FRANK and NORTHCUTT, JJ., concur.