711 So.2d 1212 (1998)
STATE of Florida, Appellant,
v.
Darron K. WHITING, Appellee.
No. 97-02634.
District Court of Appeal of Florida, Second District.
May 1, 1998.
Rehearing Denied June 1, 1998.
*1213 Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellant.
Denis M. de Vlaming, Clearwater, for Appellee.
THREADGILL, Acting Chief Judge.
The state contends the trial court erred in imposing a downward departure sentence on Darron K. Whiting for engaging in sexual activity with a minor. We agree and reverse.
In January 1996, Whiting was a twenty-nine-year-old truant officer who, under the guise of his authority as such, removed a thirteen-year-old female student from her school classroom in the middle of the afternoonwith her consent, brought her to his home, and engaged in illicit sexual activity with her. Pursuant to a plea agreement with the trial court, which the state opposed, Whiting pleaded no contest to and was adjudicated guilty of a violation of section 794.011(8)(b), Florida Statutes (1995), which provides that a person who is in a position of authority over a child under eighteen and who engages in conduct defined as sexual battery with that child while that child is twelve or olderregardless of "the willingness or consent" of the childis guilty of a first-degree felony.
As part of the plea agreement, Whiting was given a suspended ten-year prison term and was sentenced to two years of community control and five years of probation. Because Whiting's guidelines sentencing range was nine to fifteen years in prison, the sentence imposed constituted a downward departure. As reasons for the departure, the trial court orally pronounced that it was relying on Whiting's show of remorse under State v. Sachs, 526 So.2d 48 (Fla.1988); the fact that "the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse," under State v. Chandler, 668 So.2d 1087 (Fla. 1st DCA 1996), and section 921.0016(4)(j), Florida Statutes (1995); and the victim's consent under State v. Johns, 576 So.2d 1332 (Fla. 5th DCA 1991), and section 921.0016(4)(f), Florida Statutes (1995). Whiting's guidelines scoresheet indicates Whiting's lack of a prior criminal history as an additional reason for the downward departure. Upon sentencing, a written finding was entered, declaring Whiting to be a sexual predator under section 775.23(2), Florida Statutes (1995) and/or section 775.21, Florida Statutes (Supp.1996).
Pursuant to section 921.001(6), Florida Statutes (1995), a departure sentence may be imposed if the reasons therefor are valid and supported by a preponderance of the evidence. Only one valid reason is necessary to sustain a departure. Id. After reviewing the reasons set forth herein, we conclude that there was no basis for a downward departure in this instance.
Lack of a prior criminal history is not a valid reason for a downward departure sentence, because that fact is taken into account by the sentencing guidelines. See Sachs, 526 So.2d at 50. Whether remorse alone is sufficient to sustain a downward departure, however, depends on how Sachs is interpreted with respect to that particular factor. For instance, State v. Howell, 572 So.2d 1009 (Fla. 1st DCA 1991), and State v. Lacey, 553 So.2d 778 (Fla. 4th DCA 1989), have interpreted Sachs as holding that remorse can provide a basis for a downward departure only in connection with other factors. That interpretation is bolstered by section 921.0016(4), Florida Statutes (1995), which sets forth a variety of mitigating factors for a downward departure, but references remorse only one time and only in *1214 connection with other factors. See 921.0016(4)(j). Section 921.0016 was enacted, in its entirety, in 1993, subsequent to Sachs, Howell, and Lacey. See Ch. 93-406, § 13, Laws of Fla. Sachs, however, is susceptible of an interpretation contrary to Howell and Lacey, in that Sachs does say that remorse alone is a sufficient mitigating factor; although, remorse in that case was accompanied by other valid mitigating factors. Prior to Sachs, remorse alone was an insufficient basis for a downward departure. See State v. Peters, 500 So.2d 704 (Fla. 1st DCA 1987); State v. Myers, 515 So.2d 333 (Fla. 3d DCA 1987). In this instance, even if remorse alone can support a downward departure, the record fails to contain any evidence of such as required by Sachs. Here, Whiting merely uttered a brief apology for the pain he caused the victim's family, as well as his own. He did not otherwise express any regret as to his actual conduct, nor did he acknowledge any wrongdoing.
Consent is also not an appropriate mitigating factor under these circumstances. See State v. Harrell, 691 So.2d 46 (Fla. 2d DCA 1997). See also State v. Scaife, 676 So.2d 1035 (Fla. 5th DCA 1996); State v. Smith, 668 So.2d 639 (Fla. 5th DCA 1996); State v. Johns, 576 So.2d 1332, 1335 (Fla. 5th DCA 1991)(suggesting that a person in a position of trust and authority who engages in illicit sexual conduct with an underage person is particularly ineligible to use consent as a mitigating factor). To consider consent as a mitigating factor in this instance would be particularly egregious, since illicit sexual activity with a child over whom one has an official position of authority is a crime, regardless of "the willingness or consent" of the child. See § 794.011(8)(b); Smith, 668 So.2d at 644 (consent cannot be a mitigating factor for committing a lewd act upon a child under section 800.04, because "irrelevance of consent as a defense is an inherent component of the crime").
Pursuant to section 921.0016(4)(j), Florida Statutes (1995), a finding that an "offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse" is a valid reason for a downward departure. The record in this instance, however, fails to support such a finding, because not only was there insufficient evidence of remorse, but the facts of the case contradict the trial court's finding that the offense herein was committed in an unsophisticated manner and was an isolated incident. See State v. Spioch, 706 So.2d 32 (Fla. 5th DCA 1998)(to claim a crime was committed in an unsophisticated manner as a basis for a downward departure consistent with section 921.0016(4)(j), it must also be shown that the crime was an isolated incident for which the defendant showed remorse).
The record shows that Whiting stipulated to the facts and surrounding circumstances recited by the prosecutor. The prosecutor explained that Whiting engaged in conduct similar to that at issue here with a seventeen-year-old friend of the victim in the instant caseat the victim's housethe Friday before the incident involving the victim. As with the victim, Whiting supplied drugs and alcohol to the friend, while he was on duty as a truant officer. He then engaged in sexual intercourse with her. He continued to pursue the girl through the weekend. The following Monday, he approached the victim, who is a schoolmate of his twelve-year-old son, with his plan for a rendezvous with her, and she readily accepted. The state informed the trial court that several students witnessed the fact that Whiting approached the victim with the plan, and that the school board conducted an investigation that revealed the same. The prosecutor's recitation further indicated that Whiting was able to easily execute his plan in his capacity as a truant officer, as he was prepared with a convincing cover story for removing the girl from her class, as well as with drugs, alcohol, contraceptive devices, an empty house, and even a video camera. Such facts do not demonstrate a lack of sophistication, nor do they indicate that this was an isolated incident.
Based on the foregoing, Whiting's downward departure sentence is reversed, and this cause is remanded for resentencing within the guidelines. Because the sentence resulted from an agreement between the trial court and Whiting, Whiting should be permitted *1215 to withdraw his no-contest plea on remand. See Harrell.
Reversed and remanded.
ALTENBERND and FULMER, JJ., concur.