745 So.2d 985 (1999)
STATE of Florida, Appellant,
v.
Charles HOFFMAN, Appellee.
No. 98-03982.
District Court of Appeal of Florida, Second District.
September 3, 1999.
*986 Robert A. Butterworth, Attorney General, Tallahassee, Wendy Buffington, Assistant Attorney General, Tampa, for Appellant.
Robert W. Attridge, Jr. of the Law Office of Robert W. Attridge, Jr., P. A., New Port Richey, for Appellee.
STRINGER, Judge.
After pleading no contest to sexual battery, Charles Hoffman was sentenced to 15 years' probation.[1] The State challenges this downward departure sentence and argues that the reasons given for departure are invalid and unsupported by the record. Because one of the reasons given by the trial court in favor of departure is valid, we must affirm. See Kipping v. State, 702 So.2d 578 (Fla. 2d DCA 1997) (if any one of the reasons given for a departure sentence is valid, the sentence must be affirmed).
The trial court sentenced Hoffman to 15 years' probation, in part, based on the testimony of Dr. Richard Carpenter. Dr. Carpenter testified that Hoffman's inferior intelligence rendered him incapable of appreciating the criminal nature of his acts and unable to conform his conduct to the requirements of the law. The second reason given by the trial court in support of departure was the trial court's belief that the victim was, "on at least one occasion, a willing participant in the sexual conduct."
Factors in favor of mitigating sentences must be proven by a preponderance of evidence. See Davis v. State, 707 So.2d 842 (Fla. 2d DCA 1998). In light of Dr. Carpenter's testimony, we must find that the first reason given for departure is supported by a preponderance of evidence. See § 921.0016(4)(c), Fla. Stat. (1997). However, the second reason given for departure is without question invalid. We recognize that at least one court has found that under certain circumstances, a victim's consent may serve as a mitigating factor in favor of downward departure for this offense, see State v. Rife, 24 Fla. L. Weekly D746, 733 So.2d 541 (Fla. 5th DCA 1999) (en banc); nevertheless, such a finding cannot obtain in the present case where the victim was merely eleven years old.
The defendant in Rife, was convicted of three counts of sexual battery on a seventeen year old minor under his custodial care. The victim in that case was essentially homeless and had requested that Rife become her guardian, and Rife agreed. Their sexual activity began before the guardianship became effective, and according to the victim in that case, the activities were entirely consensual. The trial court imposed a downward departure sentence after concluding that the victim in that case was a willing participant. The fifth district affirmed the departure *987 sentence, and granted the State's motion to certify the following questions to the supreme court:
Although willingness or consent of the minor is not a defense to sexual battery of a minor, may it be considered by the court as a mitigating factor in sentencing? [and] Should the mitigation also apply where the defendant is convicted of being in a position of custodial or familial authority with the victim?
State v. Rife, 733 So.2d 541, 551 (Fla. 5th DCA 1999). There are significant factual distinctions between Rife and the present case, e.g., the victims' ages, and circumstances under which Rife became the victim's guardian. We conclude that "consent" to sexual activity given by an eleven-year-old is not a valid reason for the downward departure sentence. However, we affirm this case because Hoffman presented a valid reason for the departure sentence through the testimony of Dr. Carpenter.
Affirmed.
THREADGILL, A.C.J., and PARKER, J., Concur.
NOTES
[1] Hoffman was charged with violating section 794.011(8)(b), Florida Statutes (1997).