PER CURIAM.
The state appeals the sentence Amanda Stalvey received in the wake of her conviction for lewd and lascivious conduct with a fourteen year-old boy in violation of section 800.04(4), Florida Statutes (1997). *969 The state contends, as a matter of law, a minor cannot be a “willing participant” in such a crime. See State v. Harrell, 691 So.2d 46 (Fla. 2d DCA 1997); State v. Scaife, 676 So.2d 1035 (Fla. 5th DCA 1996); State v. Smith, 668 So.2d 639 (Fla. 5th DCA 1996). We agree and reverse.
In State v. Rife, the Fifth District relied on section 921.0016(4)(f), Florida Statutes (1995) (allowing downward departure where “[t]he victim was an initiator, willing participant, aggressor, or provoker of the' incident”), as authority for a downward departure where the minor victim was a willing participant in several sexual encounters. See State v. Rife, 733 So.2d 541, 542-43 (Fla. 5th DCA) (en banc) (receding from State v. Smith, 668 So.2d 639 (Fla. 5th DCA 1996)), review granted, 744 So.2d 457 (Fla.1999); see also State v. Brooks, 739 So.2d 1223, 1225 (Fla. 5th DCA) (applying the reasoning of Rife in affirming a downward departure sentence for a conviction under section 800.04), review granted sub nom., State v. Rife, 744 So.2d 457 (Fla.1999); cf. State v. Johns, 576 So.2d 1332, 1336 (Fla. 5th DCA 1991). We reject the Rife court’s approach and adopt the view expressed in State v. Harrell, 691 So.2d 46 (Fla. 2d DCA 1997). There the Second District, relying on Scaife and Smith, held that willing participation cannot be a basis for downward departure in cases arising under section 800.04. See also State v. Hoffman, 745 So.2d 985, 986-87 (Fla. 2d DCA 1999); State v. Whiting, 711 So.2d 1212, 1214 (Fla. 2d DCA 1998). Accordingly, we certify conflict with Rife and Brooks.
REVERSED and REMANDED.
MINER and BROWNING, JJ., CONCUR; BENTON, J., DISSENTS WITH WRITTEN OPINION.