789 So.2d 288 (2001)
STATE of Florida, Petitioner,
v.
Ronald RIFE, Respondent.
No. SC95752.
Supreme Court of Florida.
April 12, 2001.
*289 Robert A. Butterworth, Attorney General, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, FL, for Petitioner.
James B. Gibson, Public Defender, and Kenneth Witts and Barbara Davis, Assistant *290 Public Defenders, Seventh Judicial Circuit, Daytona Beach, FL, for Respondent.
PARIENTE, J.
We have for review the decision in State v. Rife, 733 So.2d 541 (Fla. 5th DCA 1999), in which the Fifth District Court of Appeal, in an en banc opinion, certified the following questions to be of great public importance:
ALTHOUGH WILLINGNESS OR CONSENT OF THE MINOR IS NOT A DEFENSE TO SEXUAL BATTERY OF A MINOR, MAY IT BE CONSIDERED BY THE COURT AS A MITIGATING FACTOR IN SENTENCING? SHOULD THE MITIGATION ALSO APPLY WHERE THE DEFENDANT WAS CONVICTED OF BEING IN A POSITION OF CUSTODIAL OR FAMILIAL AUTHORITY WITH THE VICTIM?
See id. at 551. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons explained in this opinion, we answer the certified questions in the affirmative and approve the en banc decision of the Fifth District.

BACKGROUND
The Fifth District summarized the facts as follows:
[Ronald] Rife admits having sex with the seventeen-year-old victim on numerous occasions but contends, and the victim agrees, that the sexual activities were consensual. Further, it appears that the sexual activities with this minor, who moved in with appellant because she had no other place to reside, began before the victim requested, and appellant agreed, that appellant become her guardian.
Rife, 733 So.2d at 542. Both Rife and the victim testified that they had planned on marrying when the victim reached the legal age of eighteen.
Rife was convicted of three counts of sexual battery in violation of section 794.011(8)(b), Florida Statutes (1997), which provides:
(8) Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age who:
. . . .
(b) Engages in any act with that person while the person is 12 years of age or older but less than 18 years of age which constitutes sexual battery under paragraph (1)(h) commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Id. (emphasis supplied); see Rife, 733 So.2d at 542. Section 794.011(1)(a), Florida Statutes (1997), provides that "`Consent' means intelligent, knowing, and voluntary consent and does not include coerced submission. `Consent' shall not be deemed or construed to mean the failure by the alleged victim to offer physical resistance to the offender."
Although the trial court recognized that a minor victim's consent could not be utilized by Rife as a defense to the crime of sexual battery, the trial court found that the victim's consent could be considered in imposing a downward departure sentence on the defendant. See Rife, 733 So.2d at 542. The trial court found that the record supported the fact that the minor victim "willingly participated in this sexual endeavor." Id. at 543. In imposing a downward departure sentence, the trial court announced:
I'm basing the downward departure based on statutory grounds that the victim, although she was a minor, was a *291 willing participant in this incident. She apparently agreed to it and was in love with you, and at least thought she was in love with you, and fully participated in this incident.
She doesn't have the obligation or the responsibility as a minor to tell you no. Consent is not an issue on the charge. But I am taking that into consideration for the purpose of the downward departure.

Id. at 542 (emphasis supplied).
Rife's sentencing guideline score sheet provided for a state prison sentence range of 297.4 months (approximately twenty-four years) to 495.7 months (approximately forty-one years). The trial court downwardly departed and sentenced Rife to three concurrent prison terms of 102 months (eight and one-half years), followed by ten years' probation on each count, and ordered that Rife receive sexual offender treatment as a condition of his probation. The State timely objected to the imposition of the downward departure sentences and requested that Rife be given a sentence within the statutory guidelines.
The State appealed the imposition of the downward departure sentences to the Fifth District. In an en banc opinion, the Fifth District affirmed the imposition of the downward departure sentence based upon the trial court's finding that the statutory mitigator of "consent" applied. See Rife, 733 So.2d at 542-44. The Fifth District receded from its contrary holding in State v. Smith, 668 So.2d 639, 644 (Fla. 5th DCA 1996), that the trial court did not have the discretion as a matter of law to mitigate a sentence based on a minor victim's consent.[1] The Fifth District reasoned:
In this case, there is ample support that in fact the young woman willingly participated in this sexual endeavor. Hence, the record supports the presence of this mitigating factor. Because of the sordid testimony ... perhaps the closer question is whether the court abused its discretion in mitigating even though the mitigating factor is present. The jury, being instructed to ignore the minor's consent, convicted him of the offenses. Sentencing, however, is a different matter and involves the judge's view of the evidence as it relates to mitigation. It is clear that the judge did not believe the young woman [was] so immature that she could not agree to the encounter or that she was incapable of loving the defendant. The judge saw the minor, heard her testify and observed her demeanor, and was free to determine for herself the maturity (emotional and otherwise) of the young woman. We are not in that position. Further, insofar as it involves sentencing, the court was free to believe such witnesses and such testimony, or portion thereof, that she found credible....

*292 It is important to note that this is not a case in which the judge trivialized the offense by a slap on the wrist. The defendant was sentenced to eight and one-half years in prison to be followed by ten years probation. The judge took this case seriously. She merely realized that had the victim not willingly participated, the offense would have been much more serious and a greater sentence would be justified. In order to recognize this difference, the judge believed that a substantial, but somewhat less than guideline, sentence would be appropriate in this case. The legislature permitted her to do so.
Rife, 733 So.2d at 543.

LAW AND ANALYSIS
In answering the certified questions in this case, the Court must determine whether the trial court was precluded as a matter of law from imposing a prison sentence of eight and one-half years, followed by ten years' probation, or whether the trial court was required as a matter of law to sentence Rife to a prison term of no less than twenty-four years, the minimum sentence under the sentencing guidelines. There is no question that the Legislature has the authority to preclude a trial judge from imposing a downward departure sentence based on willing participation or consent of the minor victim. Our role, however, is limited to determining whether the Legislature intended to do so. Accordingly, it is not this Court's function to substitute its judgment for that of the Legislature as to the wisdom or policy of a particular statute. See State v. Mitro, 700 So.2d 643, 646 (Fla.1997) (citing Hamilton v. State, 366 So.2d 8, 10 (Fla. 1978)).
"When construing a statutory provision, legislative intent is the polestar that guides" the Court's inquiry. McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998). Legislative intent is determined primarily from the language of a statute. See Hayes v. State, 750 So.2d 1, 3 (Fla.1999); Overstreet v. State, 629 So.2d 125, 126 (Fla.1993). "When faced with an unambiguous statute, the courts of this state are `without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.'" State v. Cohen, 696 So.2d 435, 436 (Fla. 4th DCA 1997) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984)) (emphasis omitted). This principle is "not a rule of grammar; it reflects the constitutional obligation of the judiciary to respect the separate powers of the legislature." State v. Brigham, 694 So.2d 793, 797 (Fla. 2d DCA 1997).
Thus, the Court must determine whether the Legislature intended to provide trial judges with the authority under the sentencing guidelines, section 921.0016(4)(f), to impose a downward departure sentence for crimes involving sexual conduct with minors where the trial court finds that the minor "victim was an initiator, willing participant, aggressor, or provoker" of the sexual incident. Section 921.0016, Florida Statutes (1997), provides in pertinent part:
(1)(a) The recommended guidelines sentence provided by the total sentence points is assumed to be appropriate for the offender.
. . . .
(2) A departure from the recommended guidelines sentence is discouraged unless there are circumstances or factors which reasonably justify the departure. Aggravating and mitigating factors to be considered include, but are not limited to, those in subsections (3) and (4). The failure of the trial court to impose a sentence within the sentencing *293 guidelines is subject to appellate review under chapter 924, but the extent of the departure from a guidelines sentence is not subject to appellate review.
. . . .
(4) Mitigating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:

. . . .
(f) The victim was an initiator, willing participant, aggressor, or provoker of the incident.

(Emphasis supplied.)[2]
As provided by the Legislature, the sentencing guidelines apply to all crimes, excluding capital felonies. See § 921.001(4)(b)2., Fla. Stat. (1997). The plain language of the downward departure statute in question, section 921.0016(4)(f), does not limit its applicability to crimes in which the victims are adults. Thus, in determining whether section 921.0016(4)(f) provides trial judges with the authority to mitigate defendants' sentences for sexual crimes with minors based on the minor victims' consent or willing participation, we must necessarily review that section in conjunction with the criminal statute that Rife was convicted of violating. See Hayes, 750 So.2d at 3.
Because nothing in section 921.0016(4)(f) limits its application, the question becomes whether the criminal statutes under which Rife was convicted preclude a downward departure based on the willing participation of the minor victim. Section 794.011(8), the sexual battery statute that applies to defendants in a position of familial and custodial authority, provides that the "willingness or consent of the victim... is not a defense to prosecution under this subsection." (Emphasis supplied.) It is thus clear that the Legislature expressly precluded defendants from asserting the minor's consent as a defense to section 794.011(8).
The State argues that the fact that a minor victim's consent cannot be considered as a defense to the crime of sexual battery on a minor indicates the Legislature's intent that a minor victim's consent or willing participation in sexual behavior with adults cannot be considered for purposes of a downward departure sentence. This ignores the fundamental differences between whether particular conduct should be criminalized and the proper sentence to be imposed in a given case. See Bentley v. State, 411 So.2d 1361, 1363 (Fla. 5th DCA 1982).
The very words employed by the Legislature in section 794.011(8), "[w]ithout regard to the willingness or consent of the victim," presume the ability of the minor to have willingly participated in or consented to the sexual activity. If the Legislature had intended to prohibit downward departures even if the minor consented to the activity, it could have expressly provided for such a prohibition in either the laws governing sexual crimes involving minors or the sentencing guidelines. It did neither. In concluding that section 921.0016(4)(f) was inapplicable to sexual crimes involving minors, the Fifth District explained:

*294 Unless the legislature acts in an unconstitutional manner, courts must permit the legislature to legislate. And unless the legislation is vague, the courts must apply the law as enacted by the legislature.... The legislature is quite capable of enacting minimum and mandatory sentences. Had it intended no mitigation under this statute, the legislature could easily have said so. It did not and this court should not.
Rife, 733 So.2d at 543 n. 2.
To the extent, however, that there is any ambiguity as to legislative intent created by the confluence of these statutes, the default principle in construing criminal statutes is codified in section 775.021(1), Florida Statutes (1997). See Hayes, 750 So.2d at 3. "The rules of statutory construction require courts to strictly construe criminal statutes, and that `when the language is susceptible to differing constructions, [the statute] shall be construed most favorably to the accused.'" Id. (quoting section 775.021(1)); see also McLaughlin, 721 So.2d at 1172. The rule of lenity is equally applicable to the court's construction of sentencing guidelines. See Flowers v. State, 586 So.2d 1058, 1059 (Fla.1991).
The State, however, contends that our decisions in Jones v. State, 640 So.2d 1084 (Fla.1994), and J.A.S. v. State, 705 So.2d 1381 (Fla.1998), mandate a contrary result because in both cases we recognized the Legislature's strong policy of protecting minors from harmful sexual conduct. In both cases, however, the issue before us was the constitutionality of the statutes that criminalized certain sexual behavior even if the minor victim engaged in consensual sex. We rejected the argument that section 800.04, Florida Statutes (1991), entitled "Lewd, lascivious, or indecent assault or act upon or in presence of child," violated the privacy rights of the females with whom the defendants had sexual intercourse. See Jones, 640 So.2d at 1085. We further rejected the defendants' argument that the statute was unconstitutional, as applied, because the females in the cases were not harmed and "wanted to have the personal relationships they entered into with these men; and, they [did] not want the `protections' advanced by the State." Id. at 1086.
In Jones and J.A.S., we recognized that the Legislature had enacted numerous statutes to protect minors from harmful sexual conduct and that those laws clearly invoked a policy that "any type of sexual conduct involving a child constitutes an intrusion upon the rights of that child, whether or not the child consents.... [Therefore] society has a compelling interest in intervening to stop such misconduct." Jones, 640 So.2d at 1086 (quoting Schmitt v. State, 590 So.2d 404, 410-11 (Fla.1991)); see also J.A.S., 705 So.2d at 1385. Thus, we stated in Jones that neither the minor victim's maturity nor lack of chastity could override these concerns because "sexual activity with a child opens the door to sexual exploitation, physical harm, and sometimes psychological damage." 640 So.2d at 1086. Finally, this Court concluded that whatever the extent of a minor's privacy rights, those rights "do not vitiate the legislature's efforts and authority to protect minors from conduct of others." Id. at 1087.
We continue to embrace these important holdings from Jones and J.A.S. However, both Jones and J.A.S. addressed the question of whether certain sexual conduct could be criminalized even though the minor victim consented. At no point in either case did this Court address the question of whether the minor victims' consensual activity could be a factor that would allow a trial court to depart from *295 the statutory guidelines and impose a lesser sentence.
The State also contends that providing judges with the discretion to mitigate defendants' sentences based on a minor victim's willing participation in a sexual act with an adult would weaken the laws and public policy of protecting minors. This argument should be directed to the Legislature.
In deciding the issues in this case, we do not ignore the State's important interest in protecting minors from harmful sexual conduct and from possible sexual exploitation by adults. Nor does the willing participation of the victim excuse the criminal acts of the defendant. Our decision is based on statutory construction and, based on these principles, we do not find that the Legislature intended to preclude a trial court from utilizing section 921.0016(4)(f) as a basis for imposing a downward departure sentence. As the majority opinion of the en banc Fifth District succinctly explained:
[I]f consent were a defense to this criminal charge, there would be no need to mitigate in this instance. Although remorse is never a defense to a criminal charge, the legislature has made it a mitigating factor to be considered by the judge. Likewise, the legislature has made the willing participation of the victim a mitigating factor. And the legislature did not limit the applicability of this factor ... to only those victims "of age."
Rife, 733 So.2d at 543.
Finding that the mitigating circumstance may be considered in determining whether a downward departure sentence should be imposed does not end the inquiry. As the Fifth District explained, even if a trial judge finds that a mitigating factor exists, it is still within the trial judge's discretion whether the guideline sentence should be reduced. Thus, when the appellate court reviews a downward departure sentence there are two inquires: "First is there record support that the mitigating factor is actually present? Second, even if the mitigating factor is present, did the judge abuse his or her discretion in departing downward?" Rife, 733 So.2d at 543.
Although the Fifth District determined that the trial court did not abuse its discretion in imposing a downward departure sentence based on the facts in Rife, the Fifth District appropriately cautioned that downward departures in cases involving different factual circumstances may not be warranted. See Rife, 733 So.2d at 544. For example, despite receding from its earlier holding in Smith, the Fifth District in Rife approved of "the result in Smith, not because the court lacked the authority to downward depart, but because [the Fifth District] did not believe that the act of a thirteen-year-old girl who gave into the urging of the defendant (because of her infatuation with the defendant) to have unwanted sexual relations with others constituted `willing participation.'" Id. Similarly, in Rife, the Fifth District reaffirmed its opinion in State v. Johns, 576 So.2d 1332 (Fla. 5th DCA 1991), in which the Fifth District reversed a downward departure sentence where the victim was a fourteen-year old prostitute, stating:
Here the victim was addicted to drugs at a young age and presumably was engaged in prostitution to support this habit. The defendant, a police officer, perhaps more than anyone should be aware of the devastating effects of drug abuse and how vulnerable the victim was because of her young age and drug dependency. Given the defendant's position of trust and authority in the community, the victim's drug addiction and her age of 14 years at the time the crime was committed, we conclude that the *296 fact that the victim was a prostitute and charged the defendant for sex cannot be used as a basis to mitigate his sentence.
Johns, 576 So.2d at 1336. By reaffirming its disapproval of the downward departure sentences in Smith and Johns, the Fifth District in Rife indicated that it is indeed the rare case involving a youthful victim of a sexual crime that would support a downward departure sentence. See Rife, 733 So.2d at 544.
The Fifth District also urged trial courts in determining whether a downward departure sentence is warranted to "consider the circumstances even more carefully depending on the victim's age." Id. According to the Fifth District, "the younger and less mature the victim, the less likelihood of a finding that even willing participation is sufficient for mitigating" a defendant's sentence. Id. We endorse these cautionary words, noting in particular that "consent" means "intelligent, knowing and voluntary consent and does not include coerced submission." § 794.011(1)(a). Further, the fact that a young victim does not resist is not the same as willing participation. See Rife, 733 So.2d at 544.
With these cautionary words, we answer the certified questions in the affirmative and approve the decision of the Fifth District. Accordingly, we conclude that by reading section 794.011(8)(b) in conjunction with section 921.0016(4)(f), trial judges are not prohibited as a matter of law from imposing a downward departure based on a finding that "[t]he victim was an initiator, willing participant, aggressor, or provoker of the incident." Of course, in determining whether this mitigator applies when the victim is a minor, the trial court must consider the victim's age and maturity and the totality of the facts and circumstances of the relationship between the defendant and the victim.
To the extent that Stalvey, 25 Fla. L. Weekly at D961, ___ So.2d ___, 2000 WL 370269, Hoffman, 745 So.2d at 987, Siddal, 728 So.2d at 364, Whiting, 711 So.2d at 1214, and Harrell, 691 So.2d at 46, held that as a matter of law a trial court is precluded from considering the applicability of section 921.0016(4)(f) to crimes involving sexual conduct with minors, we disapprove those decisions. We make clear that we do not address whether in each of those cases the reversal of the downward departure sentence was nevertheless still appropriate based on the facts and circumstances of the particular case.
It is so ordered.
SHAW, HARDING, ANSTEAD and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion, in which WELLS, C.J., concurs.
QUINCE, J., dissenting.
I agree with Judge Thompson's dissent which says that the consent of a minor to sexual acts performed on her by an adult cannot be used to support a downward departure from the sentencing guidelines. It seems ironic that consent is not a defense to the crime of sexual battery of a minor by one in familial or custodial authority but can be used to negate the punishment for the offense. As Judge Thompson pointed out in State v. Rife, 733 So.2d 541, 548 (Fla. 5th DCA 1999)(Thompson, J., dissenting):
First, this statute, section 794.011(8)(b), and others like it are designed to further the state's compelling interest in protecting minors from sexual exploitation and sexual abuse from adults. See generally, Jones v. State, 640 So.2d 1084 (Fla.1994)(Kogan, J. concurring); Schmitt v. State, 590 So.2d 404 (Fla.1991), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992); State v. Sorakrai, 543 So.2d 294 (Fla. 2d DCA 1989). Unlike the others, however, *297 this statute is specifically directed toward defendants who are "in a position of familial or custodial authority." State v. Whiting, 711 So.2d 1212 (Fla. 2d DCA 1998). This is not a statute that could apply to star-crossed lovers who engage in consensual sex, and are close in age. See e.g., B.B. v. State, 659 So.2d 256 (Fla.1995). Here, the statute seeks to penalize an adult who preys upon children, and who takes advantage of his or her status to exploit children. The trial court, therefore, should not be able to use as a mitigator that which is statutorily prohibited as a defense at trial. To do so eviscerates the statute and subverts its underlying public policy. See Whiting; State v. Smith, 668 So.2d 639 (Fla. 5th DCA 1996).
733 So.2d at 548. The fact that a sixteen-year-old consented to a sexual relationship with a forty-nine year old man, who had taken on the responsibility of her care, is not mitigating.
I would answer the certified question in the negative and hold consent by the minor is not a mitigating factor to sexual battery under section 794.011(8)(b).
WELLS, C.J., concurs.
NOTES
[1] In reliance on the Fifth District's opinion in Smith, the Second District has held that, as a matter of law, the consent of a minor victim can never constitute a valid reason for imposing a downward departure sentence. See State v. Harrell, 691 So.2d 46 (Fla. 2d DCA 1997). See also State v. Hoffman, 745 So.2d 985 (Fla. 2d DCA 1999); State v. Whiting, 711 So.2d 1212 (Fla. 2d DCA 1998). In State v. Stalvey, 25 Fla. L. Weekly D961, ___ So.2d ___, 2000 WL 370269 (Fla. 1st DCA Apr.12, 2000), petition for review filed, No. SC00-823 (Fla. Apr. 14, 2000), the First District certified conflict with Rife and State v. Brooks, 739 So.2d 1223, 1225 (Fla. 5th DCA 1999), and adopted the view expressed in Harrell. The parties in Stalvey have agreed that their case should be stayed pending the outcome of Rife. Additionally, the Third District, citing to the Second District's opinion in Whiting, reversed a downward departure sentence as not "legally sustainable." State v. Siddal, 728 So.2d 363, 363 (Fla. 3d DCA 1999).
[2] Section 921.0016 is applicable to a defendant who committed a crime before October 1, 1998, and therefore it is applicable to Rife. The Legislature amended the sentencing statute applicable to felonies committed on or after October 1, 1998. See ch. 97-194, Laws of Fla. (creating the Florida Criminal Punishment Code, codified at sections 921.002-921.0026, Florida Statutes (1997)); see also § 921.0027, Fla. Stat. (1999). Section 921.0026(2)(f), Florida Statutes (1999), provides for the same mitigating circumstance as provided by section 921.0016(4)(f), where "[t]he victim was an initiator, willing participant, aggressor, or provoker of the incident."