803 So.2d 768 (2001)
James POZEK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3007.
District Court of Appeal of Florida, Fifth District.
November 9, 2001.
Rehearing Denied January 8, 2002.
*769 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
James R. Pozek timely appeals his judgment and sentence. We affirm.
On October 30, 1998, Pozek was charged with three counts of sexual activity with a child by a person in familial or custodial authority, one count of felony child abuse, and one count of committing a lewd and lascivious act in the presence of a child. Count one alleged that Pozek committed a sexual battery upon A.C., a child twelve years of age or older but less than eighteen, on or about October 31, 1997, by penile penetration of her vagina. The second count alleged a sexual battery by penile penetration on the same child after November 1, 1997, and before November 19, 1997. The third count alleged the same conduct between November 19, 1997, and January 16, 1998. The felony child abuse charge alleged that Pozek, 43 years old, impregnated the child (a twelve year old) between October 31, 1997, and November 30, 1997. The lewd and lascivious count alleged that Pozek masturbated in the child's presence between September 1, 1997, and October 31, 1997.
The jury returned a verdict of not guilty on count one and guilty as charged on counts two through five, Pozek was adjudicated and sentenced. From his judgment and sentence,[1] Pozek takes his timely appeal.
Pozek contends that the trial court erroneously denied his motion for judgment of acquittal on the grounds that the state failed to prove that Pozek had familial or custodial authority over the victim. § 794.011(8)(b), Fla. Stat. (1997). That section provides:
(8) Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who:
* * *
(b) Engages in any act with that person while the person is 12 years of age or older but less than 18 years of age which constitutes sexual battery under paragraph (1)(h) commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
In State v. Rawls, 649 So.2d 1350, 1353 (Fla.1994), the supreme court defined the concept of "familial relationship" in the context of the sexual battery of children. *770 Although the court in that case addressed the concept for the sole purpose of determining whether similar fact evidence was admissible to corroborate the testimony of a minor victim of sexual battery, the definition is nonetheless helpful in deciding whether sufficient evidence of familial or custodial authority has been presented to uphold a conviction under section 794.011(8)(b). In Rawls, the court concluded that the determination of a "familial relationship" must be done on a case-by-case basis. Id. at 1353. The court explained:
Consanguinity and affinity are strong indicia of a familial relationship but are not necessary. Also, the defendant and victim need not reside in the same home. The relationship must be one in which there is a recognizable bond of trust with the defendant, similar to the bond that develops between a child and her grandfather, uncle, or guardian. Where an individual legitimately exercises parental-type authority over a child or maintains custody of a child on a regular basis, a familial relationship may exist for purposes of the admissibility of collateral crimes evidence....
Id. The relationship between Pozek and A.C. meets the Rawls' description of the foundation for a familial relationship. Rawls, 649 So.2d at 1353.
Similarly, the relationship between Pozek and A.C. meets the description of "custodial authority" adopted in Hallberg v. State, 649 So.2d 1355 (Fla.1994):
"A `custodian' is someone who has custody of another. See Webster's Third New International Dictionary 559 (1986). `Custody' connotes a duty or obligation to care for the other. Concerning a child, it usually implies that the person has some responsibilities in loco parentis."
* * *
We agree with Judge Altenbernd that the term "custodial," absent a statutory definition, must be construed in accordance with the commonly understood definition as one having custody and control of another.
Hallberg, 649 So.2d at 1357-58.
There was a great deal of evidence to support the conclusion that Pozek had a familial, or custodial, relationship with the victim within the meaning of the statute. When she showed up at his residence he took her to his friend Barbara Wayne's home, and Wayne eventually became A.C.'s guardian. This demonstrates that A.C. trusted him to place her with someone who was a stranger to her, and demonstrates that she was willing to take his advice, as a child will heed a parent or guardian. After A.C. left Wayne's home, she returned to Pozek's home. He began providing her with food and clothing, and began taking her to school. Pozek took A.C. to meetings which arose from her troubles with the law, and he attended those meetings with her, as a parent or guardian would. Wayne testified that A.C. called Pozek "Uncle Jim," a fact which certainly underscores the notion that A.C. considered Pozek to be an adult figure with responsibility towards her. Most damaging of all to Pozek is the letter he sent to A.C.'s mother and stepfather after A.C. had returned to their home. In that letter, Pozek confessed: "I've truely [sic] loved [A.C.] with all I am and truely [sic] wanted to raise her up into a fine young lady." The purpose of the statute is "to penalize an adult who preys upon children, and who takes advantage of his or her status to exploit children." State v. Rife, 733 So.2d 541, 548 (Fla. 5th DCA 1999), aff'd, 789 So.2d 288 (Fla.2001)(Thompson, J., dissenting). That aptly describes Pozek. *771 Accordingly, Pozek's judgment and sentence are
AFFIRMED.
THOMPSON, C.J., COBB and PETERSON, JJ., concur.
NOTES
[1] Pozek complains of an Apprendi error. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). There was no Apprendi error, as the jury was charged in the amended information with finding all three penetrations that the trial court later scored. Although the impregnation count did not specifically charge "penetration," we believe that penetration is implicit in the charge, and the jury must have found as much. Although the jury instructions on the sexual activity counts included both penetration or union, the evidence at trial only concerned penetration and to convict the jury must have found penetration to have been proven.