THOMPSON, J.,
concurring.
The only issue before this court is whether the trial court was aware that it could have departed below the minimum recommended sentence calculated on the appellant’s sentencing guideline score-sheet. Constrained as we are by the holding in State v. Rife, 789 So.2d 288 (Fla.2001), I must concur with my colleagues that the case should be remanded to the learned trial court for “reconsideration and *1261 application of the law as expressed in Rife.” Rife holds that a trial court can consider a departure sentence when the victim consented to sexual activity with the defendant. However, but for the trial court’s brief comment that it could not consider victim participation as a reason to depart downward, I would affirm the sentence imposed. From my reading of the record, it appears the trial court considered the factors for departure stated in Rife, but did not so articulate.
In this case, the trial court’s sentence of five and a half years was within the statutory guidelines; it was also the lowest sentence permitted on her scoresheet. The highest possible sentence was 15 years’ incarceration. The trial court heard Shuler testify that she started having sex with the victim when he was 16 years old and she was 29 or 30 years of age. The relationship lasted approximately a year and, as a result, Shuler and the victim have a daughter. The court also heard the victim testify that he met the appellant when he was 10 years old while Shuler was dating his father, by whom she has a son. The victim came to live with Shuler when he moved out of his mother’s home because of family problems. Shuler was a friend of the victim’s family and befriended the victim. The child was on probation, and Shuler appeared with him at hearings and represented that she was the victim’s mother. Also, when the child absconded from a juvenile detention facility, he returned to Shuler’s home.
The victim’s father testified his son is a slow learner who had trouble in school and has a learning disability. The father further testified that he was concerned about his granddaughter because Shuler did not live a stable life, but lived a nomadic life and moved from one friend’s home to another. He concluded that Shuler should be incarcerated because she was not repentant and did not believe she did anything wrong. The victim, now 20, also testified he was concerned about his 10-year-old brother because the same thing could happen to him. During the investigation, the victim told the police that, when the sexual activity occurred, he did not understand what was going on; however, he later understood that Shuler was using him for sexual pleasure and had no real feelings for him. Based upon those facts, it appears the trial court considered the victim’s participation.
Unfortunately, the trial court opined that it could not consider the victim’s participation as a mitigating factor because it was bound to follow the law.[1] Thus, the trial court erred in sentencing. See § 921.0026(2)®, Fla. Stat. (2005). Rife does not mandate that the court depart because the victim participated or because the victim requested a downward departure. It is one factor the court can consider before imposing a sentence. In Rife, the supreme court wrote:
Of course, in determining whether this mitigator applies when the victim is a minor, the trial court must consider the victim’s age and maturity and the totality of the facts and circumstances of the relationship between the defendant and the victim.
Rife, 789 So.2d at 296.
Upon remand, the court can consider the facts presented at the sentencing hearing concerning the victim’s age, maturity, and intellect before entering a sentence that complies with the requirements of Rife.

. The trial court stated, “[I] cannot find any circumstance or factor that would reasonably justify departure. My hands are tied, as much as I hate it.”