ALTENBERND, Judge.
Gregory Dean Holland appeals his judgments and sentences for nine counts of lewd or lascivious battery on a child twelve years of age or older, but less than sixteen. We affirm the judgments, but reverse the sentences. The trial court incorrectly concluded that it had no discretion to impose a downward departure sentence in this case. Although the trial court had the option not to exercise its discretion, it did have discretion to impose a downward departure sentence. We are not certain whether the trial court would have exercised discretion to impose a lower sentence if it had appreciated that it had this authority. Accordingly, we reverse the sentences to give the trial court an opportunity to exercise such discretion if it so chooses.
J.D. was twelve years old in 2001 and living in Lee County, Florida, when he logged onto an instant messaging chat room on the Internet. He identified himself as “12 male Florida.” Mr. Holland was a twenty-four-year-old college graduate working for a large computer corporation in Texas. He responded to J.D.’s message. The child and the young man established a relationship over the Internet, and Mr. Holland gave his telephone number to J.D. J.D. called Mr. Holland, and eventually Mr. Holland came to visit J.D. in Florida during the summer of 2001. During this first visit, the two of them engaged in mutual oral sex. Over the course of their relationship on at least four occasions, they engaged in mutual oral sex. For each of these four occasions, Mr. Holland was charged with two counts of lewd or lascivious battery — one count for oral sex performed by the juvenile on Mr. Holland and one count for oral sex performed by Mr. Holland on the juvenile. See § 800.04(4)(a), Fla. Stat. (2001-2003). Finally, in 2003 when J.D. was fourteen, the juvenile penetrated Mr. Holland’s anus with his penis. This resulted in a final count of lewd or lascivious battery.
Mr. Holland was convicted of all nine counts of lewd or lascivious battery. We affirm these convictions without further comment.
Lewd and lascivious battery under the criminal punishment code is a level 8 offense. The primary offense scores 74 points and the eight additional offenses score 296 points. Because all nine offenses involved sexual penetration, an additional 80 points was added for each offense, totaling 720 points for victim injury. Thus, although Mr. Holland had no prior offenses, the points on the scoresheet totaled 1090 points and the lowest permissible prison sentence was 796.5 months’ or 66.3 years’ incarceration for this collection of second-degree felonies. We agree with Judge Stringer that even if this score seems disproportionately high, that is not a valid basis for a downward departure sentence. This high score, however, creates a circumstance in which there is, merely as a matter of mathematics, a much larger range of discretion in which to apply a downward departure sentence than exists in the case of most first-time offend *21 ers facing convictions for second-degree felonies.
At sentencing, Mr. Holland argued that the trial court should consider a downward departure sentence because although the young boy could not legally consent to the sexual activity, factually he had been an initiator and willing participant in the illegal conduct. Mr. Holland relied on State v. Rife, 789 So.2d 288 (Fla.2001), which involved numerous acts of heterosexual conduct between an adult defendant and a seventeen-year-old female victim.
The trial court reviewed Rife and then expressed its opinion that the supreme court would not reach the same result in a case involving a twelve-year-old victim. Twice the trial court judge stated that the law did not give a judge discretion to impose a downward departure sentence under these circumstances. Ultimately, the trial judge stated: “I will sentence the defendant to the bottom of the guidelines based upon the evidence that I’ve heard. What I might have done and [what] I would do if things were different, it’s not for me to decide here.” The trial court sentenced Holland to 66.3 years’ incarceration, followed by lifetime probation.[1]
The reasoning employed by the supreme court in Rife does not restrict its holding to eases involving victims who are approaching legal age. The relevant statute allows the trial court to use as a mitigating circumstance a finding that “the victim was an initiator, willing participant, aggressor, or provoker of the incident.” § 921.0016(4)(f), Fla. Stat. (2001-2003). Because the statute does not exempt cases in which the victim is a child, it applies in this case.[2] Accordingly, the trial court had discretion to decide whether to impose a downward departure sentence.
Affirmed in part, reversed in part, and remanded.
WALLACE, J., Concurs.
STRINGER, J. Concurs specially with opinion.

. During the sentencing hearing, the trial court did not explain on the record how the 66.3 years of incarceration was to be allocated among the nine offenses. The written sentences for each of these second-degree felonies impose nine identical concurrent terms.

. We note that since the supreme court's decision in Rife, the legislature has not amended the statute to prevent its application to minors or to children younger than some specified age.