STRINGER, Judge,
Concurring specially.
I concur in both the decision to affirm Mr. Holland’s convictions and in the decision to reverse Mr. Holland’s 66.3-year prison sentence. I write to emphasize that this court does not intend to minimize the seriousness of Mr. Holland’s offenses against the young victim in this case. I also suggest that the imposition of a downward departure sentence may be difficult in lewd and lascivious battery cases such as this.
I understand the temptation for the trial court to consider imposing a downward departure sentence in a case like Mr. Holland’s to ensure that the punishment is proportionate to the degree of the offense designated by the legislature. The offense of lewd and lascivious battery on a child between twelve and sixteen years of age is a second-degree felony, which is subject to a statutory maximum sentence of fifteen years in prison. §§ 775.082(3)(c), 800.04(4)(a), Fla. Stat. (2001-2003). However, under the Criminal Punishment Code, the imposition of victim injury points for penetration may result in a sentence *22 that far exceeds the statutory maximum. When the lowest permissible sentence under the Code exceeds the statutory maximum, the trial eourt must impose the sentence required by the Code unless the court has a valid reason to impose a downward departure sentence. §§ 921.0024(2), .0026, Fla. Stat. (2001-2003).
In this case, although Mr. Holland committed a second-degree felony, he was subject to a sentence of between 66.3 years and life in prison unless the court departed downward. Mr. Holland’s minimum sentence exceeds the maximum sentence he would have faced had he committed many first-degree felonies, including murder. Thus, if a trial court were to impose a downward departure sentence in a case like Mr. Holland’s, it would ensure that the punishment was proportionate to the degree of the offense when compared to crimes that the legislature has designated as a higher degree. However, this is not a valid statutory basis for departure. See § 921.0026.
The statutory basis for a downward departure at issue in this case is that “[t]he victim was an initiator, willing participant, aggressor, or provoker of the incident.” § 921.0026(2)(f). I agree with the majority that the supreme court’s decision in State v. Rife, 789 So.2d 288 (Fla.2001), applying this statutory basis for downward departure is not restricted to victims who are approaching legal age. However, I seriously doubt that the twelve-year-old child victim could be construed as a “willing participant” in a “relationship” with a man twice his age. Mr. Holland solicited the child on the internet, engendered the child’s trust, and then took advantage of this trust by arranging for secret meetings with the child in motel rooms near the child’s home. Of course, whether the child’s participation in sexual acts during these secret meetings rendered him a “willing participant” in the ineident[s] is an issue for resolution by the trial court.